**NEW LONDON COUNTY, SEPTEMBER TERM, A. D. 1783.**

### KELSY v. WRIGHT ET UX.

A constable chosen and sworn into office and again rechosen the next year has right to officiate.

ACTION of trespass, assault and battery, committed by the wife. Plea not guilty. Issue to the jury. The jury find the following facts in a special verdict, viz.

That in December A. D. 1781, the plaintiff was duly chosen a constable by the town of Killingsworth and was sworn into office: That in December A. D. 1782, he was again duly chosen a constable by said town: That on the 15th day of January A. D. 1783, he received a warrant, directed to the sheriff, his deputy, or to either of the constables of said Killingsworth, commanding them to arrest the body of said Wright, and him have before          a justice of the peace, to answer to a complaint exhibited against him, for going over to Long Island and having illicit intercourse and commerce with the enemies of this and the United States: That the plaintiff repaired to the dwelling-house of said Wright, and after making known his business and demanding admittance, and being refused by the wife, he broke the door and entered the house, the husband, said Wright, not being there, and the wife committed the facts alleged in the declaration; and that the plaintiff was afterwards, in said month of January sworn as constable for A. D. 1783.

The point about which the jury doubted and referred to the court, was — Whether the plaintiff was then lawful constable and had right to break the door of said house?

And by the COURT — The law is so upon the facts aforesaid, that the plaintiff was lawful constable and had right to break open the door and enter said house; and judgment was for the plaintiff to recover; for although said Wright was not in the house, the plaintiff had good reason to suppose he was. A constable being an annual officer, and the plaintiff being duly chosen and sworn constable in December A. D. 1781, and rechosen again in December A. D. 1782, he continued a lawful constable, although he was not sworn again until afterwards. 1 Strange, 625, Foot v. Prows.

This judgment was affirmed in the Supreme Court of Errors.