### EBENEZER HICOCK *against* ALSON HOSKINS.

If a society vote to hold their annual meetings upon a certain day in each succeeding year, a meeting held on the day so fixed, without further notice, is not legal, even after a practice of holding them thus for fifty years.

MOTION for a new trial.

The plaintiff brought an action, as treasurer of the society of *Turkey Hills*, in the town of *Granby*, against *Hoskins*, upon his subscription to pay ten dollars annually to *David Gould*, treasurer of the society, and his successors in office, in trust for the society, for the support of the minister. The writ was dated 19th of *November*, 1806.

The defendant, by his plea, denied that the plaintiff was treasurer of the society at the date of his writ; and issue was joined thereon.

By the records of the society, it appeared, that " at a society meeting legally warned and holden in *Turkey Hills*, *October* 20, 1806," the plaintiff was chosen treasurer; and it was proved, that he had been duly sworn. It

3

also was proved by the committee, that the meeting was not warned, nor any notice given, by them; but the meeting was warned by *Israel C. Phelps*, clerk, and in the years 1804, and 1805, when *Phelps* was elected clerk, no notice or warning was given of those meetings. The society was constituted by the legislature in the year 1736, and soon after legally organized.

June, 1809.

HICOCK
v.
HOSKINS.

The plaintiff then offered to prove, that in the year 1743, the society voted that their annual meetings should be on the first *Tuesday* of *December* annually; and that they were so holden until the year 1783; when the society voted that their annual meetings should be holden on the first *Monday* of *November* annually, at the meeting-house, at one o'clock, P. M.; that they were so holden until 1803, when, at a meeting in pursuance of a warning by the committee, they voted that their annual meetings should be holden on the third *Monday* of *October* annually, at one o'clock, P. M.; and that they had since been so holden; and that from the year 1743 to the year 1806, no notice or warning had been given (except in two instances above stated) other than the votes of the society.

To the admission of this evidence the defendant objected as irrelevant to the issue; and it was so ruled by the court, and a verdict was found for the defendant. The plaintiff then moved for a new trial, upon the ground, that the evidence ought to have been admitted.

*Ingersoll*, in support of the motion.

The evidence offered would, if admitted, have shown, that the society meeting in *October*, 1806, was a legal meeting, as it was convened according to the ancient usage. The statute regulating societies, though it directs notice to be given, prescribes no form of notice.(a) Consequently, each society may adopt such form as it

(a) *Stat. Conn.* tit. 151. e. 1.

pleases. The object of the statute is *notice;* and if notice is given, it is enough. The society, when they have met, may as well notify a future meeting by their vote, as in any other way.

A society by their vote may *adjourn* from one time to another without new notice. *This* is nothing but a vote of the inhabitants when they will meet again. A vote, therefore, to adjourn to a given day, and to meet annually upon a given day, is in substance the same thing.

But were there any doubt, the usage which has existed, and the acquiescence under it, for a length of time, is sufficient to render this notice sufficient. *Rex* v. *Carter, Cowp.* 59. Ancient and usual elections have been holden good, although the law or charter, under which they were made, could not be shown. *Case of Corporations,* 4 *Co.* 77.

In the case of *Barber* v. *Boulton,* 1 *Stra.* 314. a usage as to the mode of election was said to be good to avoid popular confusion; although in that particular case, the election was bad, because it pursued neither the charter, by-law, nor the usage. But it would have been good, if made according to *the usual* mode. *King* v. *Freemen of Saltash,* 5 *Burr.* 2681.

But if the warning was not strictly legal, yet if all the members of the corporation were present, and did not object for the want of notice; the meeting would be legal. All the object of notice is obtained. When a defendant comes into court, and pleads to the merits, he waives any objection for the want of notice. Here, the members having submitted to the notice, at the meeting, cannot now object to it. In *Musgrove* v. *Nevinson,* 1 *Stra.* 584. *it appeared* that one of the members was absent. By these records it appears, that this man was elected " *at a legal meeting.*" If the defendant claims that it was not legal, he must show, not only that no legal notice was given, but that some member was absent from the meeting, or objected, at the time, to the want of

notice; otherwise, he must be concluded by these records.

June, 1809.

HICOCK
v.
HOSKINS.

*Dwight* and *Bradley*, against the motion.

The meeting was not legal, because no notice was given; and the evidence offered could not have proved any legal notice. The general law of the state prescribes the mode of warning society meetings. Tit. 151. c. 1. Notice must be given by the committee, or, if no committee, by the clerk, at least five days before the meeting. And where the mode of election is directed by a charter, that mode must be pursued, or the election is void. *Esp Dig.* 609. 2 *Bac. Abr.* 21. *Gwil.* edit. *Newling* v. *Francis,* 3 *Term Rep.* 189. Where *a charter exists,* usage is not sufficient to support an election made otherwise than according to the charter. 4 *Com. Dig.* tit. *Franchises,* *F.* 21. And if a charter directs an election upon a particular day, an election upon any other day will not be good. 6 *Vin. Abr.* 296. pl. 4. 7. *King* v. *Borough of Abingdon,* 12 *Mod.* 308. *King* v. *Mayor of Tregony,* 8 *Mod.* 129. *King* v. *Theodorick,* 8 *East,* 543. 2 *Kyd on Corp.* 20. A summons for the particular purpose of the meeting must issue. *King* v. *Mayor of Carlisle,* 1 *Stra.* 385. And notice must be given to every member within the limit of summons. *King* v. *Freemen of Saltash,* 5 *Burr.* 2681. The clause in our law as to notice, existed as early as the year 1727; and it may with propriety be asked when a practice contrary to the express direction of a statute began to be lawful.

But even the usage claimed to have existed has not been uniform. The time of meeting has been repeatedly changed. The last vote was but five or six years ago. And these votes were never intended to supersede the statute notice. By law, societies are to meet in *December* annually, *or in such other month as they shall judge* most convenient. These votes were only to fix the time of year which was most convenient, but not to vary the

*June, 1809.*

HICOCK
v.
HOSKINS.

notice required by law. Having proved that no legal notice was given, it does not lie upon the defendant to show that all or any of the inhabitants were *not* present at the meeting without any notice. But if the plaintiff would evade the want of notice, on the ground that it was waived by the actual meeting of all the members, he must surely show that fact. Not having done this, the defendant need not inquire what effect it would have had, if it were shown.

THE COURT refused to grant a new trial.