## THE CONGREGATIONAL SOCIETY OF BETHANY *against* SPERRY.

The committee of an ecclesiastical society, appointed under the statute, " for the year ensuing," continue to hold their offices, after the expiration of the year, until superseded by the appointment of another committee.

To constitute a legal meeting of an ecclesiastical society having a commit-tee, it must have been warned by that committee.

The power given by statute to an ecclesiastical society to prescribe the mode of warning its meetings, does not enable it to dispense with a warning by its committee.

Where the clerk of the society, there being a committee, affixed the names of the committee to a warning, and posted it upon the public sign-post, without either the previous authority or subsequent ratification of the com-mittee, it was held, that such warning was ineffectual.

THIS was an action on a promissory note, made by the de-fendant. The suit was commenced on the 18th of *May,* 1832.

The defendant pleaded in abatement, that the writ was sued out and prosecuted without the authority of the society of

*Bethany.* He also pleaded *Non assumpsit.* The plaintiffs traversed the first plea, on which issue was joined, and joined issue on the other.

New-Haven.
July, 1834.

Bethany
v.
Sperry.

The cause was tried, on these issues, at *New-Haven,* at an adjourned term in *October,* 1833, before *Williams,* J.

The suit was instituted and prosecuted, by *Theophilus Smith, Hiram Hotchkiss, Miles Hitchcock,* and *Clark Hotchkiss,* claiming to be a committee of the society. These persons had been regularly appointed a committee, at a legal meeting of the society, on the 1st of *December,* 1830. This meeting was adjourned, from time to time, to the 10th of *March,* 1831 ; when the same persons were re-appointed to the office of society's committee ; and it was voted, that the annual meetings of the society be held on the first *Wednesday* of *March* in each year. Neither of these persons was re-appointed to said office on the first *Wednesday* of *March,* 1832 ; but they continued to act as such, and held the note declared upon until the time of trial. The only authority which they had for bringing the suit in the name of the society, was, by virtue of their appointment on the 1st of *December,* 1830.

The defendant claimed and offered evidence to prove, that he and two other persons, were legally appointed the committee of the society, on the first *Wednesday* of *March,* 1832. He also claimed, that if the meeting at that time, was not legally warned and held, all the powers which the first-mentioned committee had, by virtue of their appointment in *December,* 1830, ceased on said first *Wednesday* of *March,* 1832 ; and consequently, they had no right to institute and prosecute this suit.

At a regular adjourned meeting of the society, on the 10th of *March,* 1831, the following vote was passed : " Voted, that hereafter all of the ecclesiastical meetings of the congregational society of *Bethany* be warned, by a warning and notice posted on the public sign-post in the parish of *Bethany.*" The defendant claimed to have proved, that five days previous to the first *Wednesday* of *March,* 1832, *Lewis Thomas,* the clerk of the society, drew up and set on the sign-post a notice in writing, that the annual meeting of the society for the choice of officers and for the transaction of other business, would be holden on said first *Wednesday* of *March,* 1832 ; to which notice the names of the society's committee were signed, by said *Thomas ;* and that at the time mentioned in such notice, a

*New-Haven,*
*July, 1834.*

Bethany
*v.*
Sperry.

portion of the members of the society met and made choice of *Alvan Sperry*, (the defendant,) *Henry Hotchkiss*, and *Lewis Hotchkiss*, for society's committee for the then ensuing year. And the defendant contended, and prayed the court to instruct the jury, that it was not necessary that the committee should sign the notice, or authorize the society's clerk to sign it for them, to make it a valid warning, and the meeting held in pursuance thereof, a legal meeting.

The defendant also claimed to have proved, that after the meeting of the first *Wednesday* of *March*, 1832, and before the commencement of this suit, the defendant paid to the committee last appointed the full amount of the note in suit, and took their discharge ; and he contended, that this was a valid payment, and entitled him to a verdict in his favour.

The court instructed the jury, that to make the meeting of the first *Wednesday* of *March*, 1832, a legal meeting, the warning for it must have been signed by the society's committee, or have been authorized by them ; and unless the meeting in question was so warned, the committee then appointed was not a legal society's committee ; and that a payment made to them, did not discharge the note. The court also instructed the jury, that if they should find, that said meeting was not so warned, the powers of the committee appointed on the 1st of *December*, 1830, continued after the first *Wednesday* of *March*, 1832, to the time of the commencement of this suit ; and that this committee had good right to order this suit to be brought in the name of the society.

Under this direction, the jury found the issues in favour of the plaintiffs ; and the defendant moved for a new trial for a misdirection.

*Ingersoll* and *C. A. Ingersoll*, in support of the motion, contended, 1. That the powers of the committee, by whose direction this suit was instituted, expired before it was commenced. A corporation is a creature of the law, and has only such powers as the act of incorporation grants it. The charter is the law of its being. *The New-York Firemen Insurance Company* v. *Ely & Parsons*, 5 *Conn. Rep.* 560. The charter of the society of *Bethany* is found in the " Act relating to religious societies and congregations." *Stat.* 430. & seq. *tit.* 94. By that act, the several religious societies are empow-

New-Haven,
July, 1834.

Bethany
v.
Sperry.

ered to meet annually, in the month of *December*, or at any other time they shall judge convenient, upon such notice and warning given as is prescribed by law. At such meetings they are empowered to appoint a clerk, who shall "continue in office until another be chosen and sworn in his room," and to appoint a committee "to order the affairs of the society *for the year ensuing.*" The legislature has granted power to the clerk of the society *to hold over the year*, and to the committee *to hold for the year ensuing*, making a marked distinction between the two offices, and implicitly limiting the latter to *the year*. *Stat.* 433. *sect.* 4. The grant of express authority to the clerk to hold over, is an implied prohibition to the committee from so doing. 5 *Conn. Rep.* 573.

By this statute, there was no particular day fixed for the society to hold its annual meeting, but it had a right to hold it at any time. By the 5th section, power was given the societies "to establish the times and places for holding their meetings, and the mode of warning them." The society of *Bethany*, by a vote in legal meeting, determined, that the annual meeting of the society should be held on the first *Wednesday* in *March*, in each year; thus making that *certain*, which the statute had left *uncertain*. The charter, then, of this society, as amended by its vote, is, that its annual meeting shall be on the first *Wednesday* of *March* in each year; and at such annual meeting, it shall have power to appoint a clerk, who "shall continue in office until another be chosen and sworn in his room," and to appoint a committee "to order the affairs of the society for the year ensuing," *and no longer*.

The rule of the common law is, that corporations are dissolved, by omitting to elect on the charter day. There is no such thing as holding over, when the officers of the corporation are elected for a certain *definite* time, unless there is something in the charter authorizing it. *Angell & Ames* 505. *The case of the corporation of Banbury*, shortly reported in 10 *Mod.* 346. stated by *East, arguendo*, in *The King* v. *Pasmore*, 3 *Term Rep.* 221. *The Queen* v. *The Corporation of Durham*, 10 *Mod.* 146. *The King* v. *The Mayor and Burgesses of Tregony*, 8 *Mod.* 127. *Philips* & al. v. *Wickham* & al. 1 *Paige* 590. 595. *Rex* v. *Philips*, 1 *Stra.* 394.

The cases of *McCall* v. *The Byram Manufacturing*

New-Haven,
July, 1834.

Bethany
v.
Sperry.

*Company*, 6 *Conn. Rep.* 428. and of *Spencer* v. *Champion*, 9 *Conn. Rep.* 536. do not contravene the doctrine, as claimed by the defendant. In those cases, the officer upon whom service of the writ was made, was decided to be a good officer against the company, after the termination of the year. All that was necessary to be decided, was, that the person upon whom process was served, was clerk *de facto*, which was considered sufficient to bind the company.

When the case of *Kelsy* v. *Wright* & ux. 1 *Root* 83. was decided, constables were chosen and sworn " for the year ensuing *and until new be chosen and sworn. Stat.* 184. ed. 1784.

In the case of *The People* v. *Runkel*, 9 *Johns. Rep.* 147. 158. no precise day of election or of entering into office was prescribed; and upon that ground, the court decided, that the election made after the year, was good, and the old officers held over. But the court inclined to believe, that an office, which the statute vacated at the end of the year, would no longer continue.

2. That the payment made by the defendant, was good. This depends on the validity of the warning for the meeting of the society, on the first *Wednesday* of *March*, 1832. By the 5th section of the act concerning societies, (*Stat.* 433.) the members of the religious societies have power to alter the mode of warning their meetings, and to establish such mode of warning them as they may think proper. The *Bethany* society, in legal meeting, did alter the mode of warning their annual meetings, and provided that it should be by a notice posted on the sign-post, at least five days before the time of holding the meeting. The warning given was a compliance with the vote of the society. If so, a new committee were appointed, on the first *Wednesday* of *March*, 1832; and the payment made by the defendant to them, was good.

*Sherman* and *Hitchcock*, contra, contended, 1. That if a corporation pass its annual meeting, its officers, in the absence of any restrictive provision, hold over until new officers are appointed. *Kelsy* v. *Wright* & ux. 1 *Root*, 83. *McCall* v. *The Byram Manufacturing Company*, 6 *Conn. Rep.* 428. *Spencer* v. *Champion*, 9 *Conn. Rep.* 536, 543. *Trustees of Vernon Society* v. *Hills*, 6 *Cowen*, 23. *The People* v. *Run-*

*kel*, 9 *Johns. Rep.* 147, 158.    *Slee* v. *Bloom*, 5 *Johns. Ch. Rep.* 378.    *Pickett* v. *Allen*, 10 *Conn. Rep.* 153.

2. That the statute relating to societies contains no restrictive provision.    The 4th section authorises the appointment of a committee " for the year ensuing."    The statute directs towns to hold annual meetings ; (*ed.* 1784, *p.* 248.) directs constables to be chosen and sworn annually ; (*p.* 22.) and directs town-clerks to hold over ; yet all this legislation was held to constitute no restrictive provision as to a constable.    *Kelsey* v. *Wright* & ux. 1 *Root*, 83.    *McCall* v. *The Byram Manufacturing Company*, 428, 438.    *Prowse* v. *Foot*, in error, 2 *Bro. Parl. Ca.* 289. (*Toml.* ed.)

3. That the corporation was not dissolved, in consequence of its failure to hold a legal meeting, in *March*, 1832.    *The People* v. *Runkel*, 9 *Johns. Rep.* 158.    *Prowse* v. *Foot*, 2 *Bro. Parl. Ca.* 289.    *Colchester* v. *Seaber*, 3 *Burr.* 1866.    *Bank of Niagara* v. *Johnson*, 8 *Wend.* 645, 655.

4. That the meeting in *March*, 1832, was not a legal society's meeting, not having been legally warned.    First, no warning is valid, unless authorised by the society's committee.    *Stat.* 433. *tit.* 94. *sect.* 3.    Secondly, the vote of the society does not affect the source or origin of the notice, but only its publication.    Thirdly, the society has no power to make a notice, unauthorized by the committee, valid.    The 5th section of the statute gives power to prescribe " the mode of warning ;" that is, the manner of communicating to each member the *knowledge* of the legal notice, which the 3d section requires.    *Hicock* v. *Hoskins*, 4 *Day*, 62.

5. That if the corporation be not dissolved, and is without a committee, still any member of the society holding its notes, may put them in suit in the corporate name, and the debtor cannot object.

CHURCH, J.    Several questions affecting the rights and duties of towns and the religious and school societies in this state, of much practical importance, are presented by this record.    This action was commenced, and is now prosecuted, by certain individuals claiming to be a committee of the ecclesiastical society of *Bethany*, in the name and for the benefit of that society ; and the defence, as it is presented by the facts alleged in the plea in abatement, as well as relied upon under

*New-Haven,*
*July, 1834.*
———————
*Bethany*
*v.*
*Sperry.*

the general issue, must abide the decision of the question, whether the individuals thus acting as committee, were legally such, at the commencement of this suit.

It is admitted, that the persons named were legally appointed a committee of said society, on the 1st day of *December,* 1830, and re-appointed, on the 10th day of *March,* 1831, for the year then ensuing, but were never again appointed ; and that this action was commenced on the 18th day of *May,* 1832, more than one year after the last appointment of said committee.    And it was also agreed, that the annual meetings of said society, by its vote, were directed to be holden on the first *Wednesday* of *March* annually.    The plaintiffs insist, that no other persons than those chosen on the 10th day of *March,* 1831, have ever since been legally elected as a committee of said society ; and that, of course, they continued to hold their offices when this suit was instituted, and had right to institute and prosecute it, notwithstanding the year for which they were elected had expired, and the time established for the annual meetings of the society had elapsed.    And in my opinion, the law sustains the plaintiffs in these positions.

Before the stat. 11 *Geo.* I. *c.* 4. was enacted, it was doubted, by *English* lawyers, whether a corporation was dissolved, by its neglect to elect its annual officers, upon its charter day ; and to prevent further doubts, the statute aforesaid was enacted ; and since this statute, it has yet been doubted whether it introduced a new rule, or was only declaratory of the common law.    *The King* v. *Pasmore,* 3 *Term Rep.* 199. 245. & seq. per *Buller,* J. 2 *Kent's Com.* 238.    *Angell & Ames on Corp.* 76. *in notis.*    The law, as claimed by the plaintiffs, in this case, was, however, recognized and decided in *England,* as early as the reign of *George* I., in the case of *Foot* v. *Prowse, the mayor of Truro,* after much deliberation, in the court of *Exchequer Chamber* and in *Parliament,* reversing a previous decision of the court of *King's Bench.*    1 *Stra.* 625. 3 *Bro. Par. Ca.* 167. [2 *Bro. Par. Ca.* 289.  *Toml.* ed.]

By the 4th sect. of our statute regarding religious societies and congregations, it is enacted, that " The members of such societies and congregations shall have power to appoint three or more of their members to be a committee to order the affairs of the society *for the year ensuing,*" &c.    *Stat.* 443. *tit.* 94.    By a statute of an early date, relating to towns,

New-Haven,
July, 1834.

Bethany
v.
Sperry.

it was provided, that towns should hold their annual meetings in the month of *December* annually, and that constables should be chosen and sworn yearly ; and it was early decided, under this statute, that a constable once duly chosen and sworn, continued to be a lawful constable until another should be chosen and sworn in his place ; (*Kelsey* v. *Wright* & ux. 1 *Root*, 83.) and the authority and principle of that case was recognized and confirmed, in the case of *McCall* v. *The Byram Manufacturing Company*, 6 *Conn. Rep.* 428. in which the court say, " it is a well-settled principle, that an annual officer continues until superseded, by the appointment of another in his place." And the principle was, in that case, applied, by the court, to town officers ; and it is equally applicable to society officers. In this state, therefore, it must now, I think, be considered as settled, that the annual officers of both public and private corporations, hold their offices until others are appointed in their places, unless there be some restrictive provision in the statute or charter creating them. *Spencer* v. *Champion*, 9 *Conn. Rep.* 537. And the same principle seems to have been recognized, by the courts of the state of *New-York*, although it has been doubted by the chancellor of that state, in a very recent case. *The People* v. *Runkle*, 9 *Johns. Rep.* 158. *Slee* v. *Bloom*, 5 *Johns. Ch. Rep.* 366. *Vernon* v. *Hills*, 6 *Cowen*, 23. 2 *Kent's Com.* 238. *Philips* & al. v. *Wickham* & al. 1 *Paige's Ch. Rep.* 590.

It was suggested in argument, that from the peculiar phraseology of the statute, it is to be inferred, that societies' committees have no power of holding over beyond the expiration of the year for which they are chosen, whatever may be the law as applicable to other officers ; because the power of holding over is expressly given, by the same section of the statute, to society *clerks*. But I do not believe this inference to be a just one. The fact is, that the present statute provisions regarding societies' committees and societies' clerks, which are now included in the same section, were originally distinct and separate, enacted at different times, and without any reference to each other ; and were first incorporated into the same section as they now stand, at the revision of 1750. See *Stat.* 629. *ed.* 1808. *in notis.*

In another suggestion of the defendant, there would be much force, if for the evil apprehended there was no remedy. It

New.Haven,
July, 1834.
_____
Bethany
v.
Sperry.

was said, that as it is the exclusive duty of a society's committee to warn the annual meetings of the society for the election of officers, they may perpetuate their own powers, and hold their offices during their own pleasure, if the claim of the plaintiffs is admitted; and to effect this, they have only to refuse to warn the annual meetings. It is a sufficient answer to this argument, to say, that if this duty be neglected, a writ of *mandamus,* directed either to the society's committee, or to the society itself, would enforce the annual election of the necessary officers. *Rex* v. *Cambridge,* 4 *Burr.* 2011. *Rex* v. *Gregory,* 8 *Mod.* 113, 127. *Angell & Ames on Corp.* 429.

If an argument *ab inconvenienti* may be resorted to, in any case, this case presents one instance of its propriety, on the part of the plaintiffs; for I see not but it follows, if the claim of the defendant be sustained, that this corporation is dissolved; a consequence which ought not to be readily admitted. *The King* v. *Pasmore,* 3 *Term Rep.* 199.

The foregoing inquiry has proceeded upon the ground assumed by the plaintiffs, that no other committee of the society of *Bethany* has been legally elected since *March* 10th, 1831; which position, in my opinion, is correct; because,

First, there could have been no legal meeting of the society, at which an election could have been made, without a previous legal warning and notice, as directed by statute. By the 3d section of the statute before referred to, on this subject, the members of the several religious societies and congregations are empowered to " meet annually, some time in the month of *December,* or at such other times as they shall judge convenient, at the usual place of holding meetings, or at such other place as they shall establish, upon warning and notice, given, at least five days before such meeting, by the *committee* of the society or congregation, or if there be no committee, by the clerk," &c. By the 5th section of the same statute, such societies are authorized " to establish the times and places of holding their meetings and the mode of warning them." It is very apparent, that no power is given, by this latter section of the statute, to dispense with the notice and warning required by the former. *Hicock* v. *Hoskins,* 4 *Day,* 62.

Secondly, although there was a pretended meeting of said society, on the 1st *Wednesday* of *March,* 1832, at which

*Alvan Sperry* and others were chosen a committee for the ensuing year, yet that meeting was unauthorized : it was not legally warned.    There was a committee of the society, by whom only it could have been warned ; the clerk, therefore, could not do it ; and although he affixed the names of the committee to a notice and posted it upon the public sign-post, as that act was done without either the previous authority or subsequent ratification of the committee, it was ineffectual. *Sperry* and others, therefore, were not legally chosen ; but on the contrary, *Theophilus Smith* and others, who were elected committee of the society, on the 1st day of *December,* 1830, and re-appointed on the 10th day of *March* following, continued to be the only committee of the society, when this suit was instituted, and to whom alone payment of the note in suit could be made.

New-Haven,
July, 1834.

Bethany
v.
Sperry.

Therefore, a new trial is not advised.

The other Judges were of the same opinion, except PETERS, J., who was absent.

New trial not to be granted.