## THOMAS CORDIELL, Respondent, *v.* LLOYD FRIZELL, Appellant.

County officers, as used in the 13th section of the Schedule to the Constitution, means officers who may be exercising the functions of their office when the Constitution takes effect. It does not include officers *elect* who may not have qualified or entered on the performance of the duties of their office before the Constitution took effect.

When the law provides an officer shall be elected every two years, but does not provide when the incumbent shall go out or the newly elected come into office, the newly elected may qualify and enter on the duties of his office as soon as he receives his certificate of election.

The former incumbent will hold until he does qualify.

Appeal from the District Court of the First Judicial District of the State of Nevada, Hon. R. S. Mesick presiding.

The facts of the case are stated in the opinion.

*Reardon & Hereford,* Counsel for Appellant.

*Mitchell & Hundley,* Counsel for Respondent.

This cause was argued orally, and no brief is on file on the part of appellant. The brief of respondent is an argument as to the construction of the several sections of the State Constitution and Territorial statutes bearing on this case, and cannot well be abridged so as to bring it within such reasonable space as to allow of its insertion in these reports. The points of this brief on which the case turns are noticed in the opinion of the Court.

Opinion by BEATTY, J., full Bench concurring.

This is a proceeding instituted by plaintiff or relator to establish his right to the office of Assessor of Storey County. The facts are these: The defendant, at the September election, 1862, was elected Assessor of Storey County, and thereafter qualified and entered on the duties of his office. He was elected under the provisions of the Act of 1861, which requires an Assessor to be elected every two years, and that they shall give bonds, etc., before entering on the duties of their office. This law does not say, in direct terms, how long the Assessor shall hold his office. But it is only necessary to read sections 6, 7 and 8 of the Act in connection with each other (see page 147 of the Statutes of 1861), to see it was the intention of the Legislature that the person elected should, after qualifying and entering on the duties of his office, continue to hold it until his successor was elected and qualified, which might be a little more or less than two years.

In 1862, there was a section inserted in the Revenue Act, requiring Assessors to be elected at the general election in 1864, and every two years thereafter. (See sec. 6, Revenue Act of 1862, p. 133.) In 1864, this section was amended so as to require the Assessors elected in 1864, and every two years thereafter, to qualify and enter upon the duties of their office the first Monday of January after their election. There is also a proviso in this Act, that no person shall be eligible to this office for a second term. (See Acts of 1864, p. 39, sec. 4.)

At the September election, 1864, relator was elected to the office of Assessor for Storey County. He was elected under the provisions of the Act of 1864, which provides he shall enter on the duties of his office the first Monday of January after his election.

Section thirteen of the Schedule of the Constitution provides: "All County officers under the laws of the Territory of Nevada, at the time when the Constitution shall take effect, whose offices are not inconsistent with the provisions of this Constitution, shall continue in office until the first Monday of January, 1867, and until their successors are elected and qualified."

The only question for us to determine is, was the relator, on the 31st day of October, 1864 (the day the Constitution took effect), a County officer under the laws of the Territory of Nevada? Counsel for relator say the Constitution applies the term "officer," as well to those elected as to those who are actually in office, and refer us to several sections where the word *officer* is used when alluding, not to those in office, but to those elected to fill an office at a future day. Those who have been elected but not inducted into office, are, properly speaking, *officers elect*—those in office are simply *officers*—those who have been in office, but have gone out, are properly *ex-officers*. It is very proper, in either conversation or writing, when speaking of an *officer elect*, to leave off the suffix, and style him simply an officer, if the context of the sentence shows you are speaking of one not yet inducted into office, but who is to be at a future day; so, too, in speaking of an' ex-officer, you may leave off the prefix under like circumstances. But if the term "officer" is used in a sentence where there is nothing to qualify or control its meaning, everybody understands it refers to an officer then holding and enjoying the office.

It means neither an ex-officer nor an officer elect. In section thirteen of the Schedule the term "officers" means those persons who may be actually holding the office referred to when the Constitution is adopted, and not to ex-officers who may have held them at some past time, nor to officers elect who might expect to hold them at some future day. The Constitution provides for "continuing" the acting officers in office.

The question then is, was the relator a County officer on the 31st day of October, 1864?

Respondent goes into an argument to prove appellant's term had expired before the 31st day of October, and therefore he (respondent) must have been the Assessor on that day. We are unable to see the force of this argument. The law fixed with precision the day when respondent should go into office, to wit: the first Monday of January, 1865. Before that day he had, we think, no pretence of claim to the office.

If it were absolutely necessary that an office should *always* have an incumbent, we might hold that an officer from necessity would hold until the election or appointment and qualification of his successor.

But we know of no rule of law by which this Court can create an officer, or say that one shall enter into the office in advance of the time fixed by law.

But we do not read the laws of the Territory as counsel for respondent do. There was nothing in the law of 1861, as we stated in the beginning of this opinion, which limits the term of an Assessor strictly to two years. The time for holding the office, under the law of 1862, is nowhere stated in direct terms, and if the time of holding were not limited by implication it would be for life, or good behavior. But a successor is authorized to be elected every two years, and the statute being silent as to when he shall qualify, the reasonable inference is, he may qualify as soon as he gets his certificate.

The law of 1864 provides, in express terms, that the Assessors elected in 1864, shall not qualify until January, 1865. Consequently, the former Assessor must have held over to January, 1865. There are other points made in relator's brief, but the points we have passed on settle the case, and it is not necessary to notice the others.

The judgment is reversed and the Court below directed to enter judgment for the defendant.