# COMMON PLEAS OF LACKAWANNA CO.

RONEY VS. SCHOOL DISTRICT OF SCRANTON.

FIRST—H. was duly elected Superintendent of Public Schools for Scranton, a city of the third class. Objections were filed against the issuing of a certificate to him according to the provisions of the 8th and 13th Sections of the act of 1867, which objections were sustained by the School Department. At the election of Superintendent R. received the second highest number of votes, and under the provisions of the same act was commissioned as such, the commission bearing date November 22d, 1878, as school superintendent from the 20th day of September, 1878, until the first Monday of June, 1881.

HELD—That the commission ought to commence from the beginning of the school year on the first Monday in June, and that R. is entitled to compensation from that time.

SECOND—At common law a public officer chosen for a specified term cannot hold over, but where the statute provides for a specified term without any restrictive provisions such officer may continue to exercise the duties of his office after the expiration of the term named.

This is a case stated for the opinion of the Court and the facts agreed upon are fully set forth in the opinion.

Messrs. D. & H. M. Hannah for Plaintiffs.

Hon. F. W. Gunster, contra.

Opinion February 24th, 1879, by HANDLEY, J.

It was agreed in this case that the city of Scranton is a municipal corporation, * * * created as such by act of Assembly, and that it contains more than three thousand inhabitants, and under the act of 1867, is entitled to a city superintendent of schools ; that the board of school directors are authorized and empowered to elect such superintendent for the term of three years as provided in the act of 1867. By the act of 1862 the school year is required to commence on the first Monday of June in each year, and under the act of 1867 the board of directors or controllers are directed to fix the salary of the city superintendent before proceeding to elect. That on the first Monday of June in the year 1876, the office of city superintendent of the city of Scranton became vacant, and on the first Tuesday in May, as required by law, the board of control of said city met in convention for the purpose of

holding an election to fill the vacancy aforesaid ; that be-
fore proceeding to an election the board by a vote of the
majority of the members present fixed the salary of the
superintendent at eighteen hundred dollars per annum.
The board then proceeded to elect a superintendent as
provided by law, but the convention adjourned without
an election. At a subsequent meeting of the board a con-
vention was held, but the action thereof was declared void
by the Superintendent of Public Instruction. At a con-
vention of the School Board held on the 29th day of June
1878, a vote was taken for the election of a City Superin-
tendent, J. E. Hawker received ten votes and the plaintiff
nine votes, whereupon Prof. Hawker was declared duly
elected. In accordance, however, with the 8th and 13th
sections of the act of 1867, objections were filed against
issuing a commission to Prof. Hawker  *  *  .*  which
objections were sustained by the School Department at
Harrisburg ; and the plaintiff, Prof. Roney, having re-
ceived the second highest number of votes  *  *  *  was
decided to be entitled to the office of city superintendent
and under the provisions of the act of 1867, was commis-
sioned as such. That pending the determination of the
question as to who was legally elected city superintend-
ent the Board of School Controllers appointed Prof.
Roney principal of the Scranton High School, at a salary
of one hundred dollars per month and the duties of that
position were performed by him from the first Monday of
Septmber, 1878, until the commission aforesaid was issued
on the 22d day of November in said year. If upon these
state of facts the court should be of the opinion that the
plaintiff is entitled to his salary as city superintendent
from the beginning of the school year on the first Mon-
day of June, 1878, then judgment to be entered in favor
of the plaintiff and against the defendant for the sum of
one thousand and fifty dollars, this sum to be in full of
the plaintiff's claim to the first day of June, 1879. But if
the Court should be of the opinion that the plaintiff is not
entitled to the payment of his salary as city superintend-
ent from the first Monday of June, 1878, then judgment

to be entered in favor of the plaintiff for the sum as is due him under the lacts herein stated. In either case all sums paid to the plaintiff by the defendant since the first Monday of January, 1878, for services rendered since that time to be applied as payments on said judgment.

The question here presented is simply salary, when it commences, and the amount. The legality of Prof. Hawker's election is not raised, nor is the validity of the commission of Prof. Roney at issue. It will be borne in mind that Prof Roney was, for a long period, prior to this complication, superintendent of the Scranton Common Schools. His last commission, prior to Scranton becoming a city of the third class, was dated the 7th day of June, 1875. The commission of Prof. Roney, issued since Scranton became a city of the third class, is dated the 22nd day of November, 1878. This commission appoints Prof. Roney Superintendent of Common Schools in and for the city of Scranton from the 20th day of September till the first Monday in June, 1881.

The act of 1867. 1 Purd. Dig., 150, § 91, expressly provides how and when the qualification of the Superintendent elected may be tested, and it then states that should "he be found duly qualified, the superintendent shall issue to him the usual commission, but if not, the said superintendent shall proceed in a like manner to test the qualifications of the person receiving the next highest number of votes in the convention of directors, who, if found qualified, shall receive the commission." The school year commences on the first Monday of June in each succeeding year. (1 Purd. Dig. 247, § 75.) The period for which a superintendent is elected is for the three succeeding school years, and the first Tuesday of May in each year is the time fixed for the school directors to elect such superintendent. (1 Purd. Dig. 250, § 92.) The commission, therefore, issued to Prof. Roney ought to date from the first Monday of June, notwithstanding the election was not finished on the first Tuesday of May. The reading of the act is, if "he be found duly qualified * * * the superintendent *shall* issue the *usual* com-

mission, and if he be not found duly qualified, then the person receiving the next highest number of votes *

*  *  if found qualified, *shall* receive the commission aforesaid." What commission aforesaid ? Why, the very commission which the person receiving the highest number of votes is entitled to receive if found qualified to act as city superintendent "for the three succeeding years." Now it is plain the superintendent of public instruction erred when he worded the commission of Prof. Roney to read "from the 20th day of September till the first Monday in June, one thousand eight hundred and eighty-one." The period thus named does not cover the three succeeding school years, and the law provides for no other commission. (1 Purd. Dig. 250, § 91.) We must, therefore, while disposing of this question, treat the present commission of Prof. Roney the same as if it was issued as the law directs. The mistakes of others must not be charged over to Prof. Roney, and the bread earned by the sweat of his brow, returned to the commonwealth. (See Bowman vs. Slifer, 1 Casey 29, 30. We have now reached another question in this case, namely, whether Prof. Roney ceased to be the superintendent of common schools on the first Monday of June, 1878 ? His commission reads that he is "to have and to hold the said office, with all the rights, powers and emoluments thereunto belonging  *  *  *  during the full term aforesaid," if he shall so long behave himself, and well and faithfully perform the duties thereof according to law. It may be conceded that the office in question was not abolished, and that Prof. Roney continued to faithfully perform the duties thereof according to law, from the first Monday of June, 1878, until the 20th day of September, the same year, and until he received his present commission. It has been held, that a state librarian holds over by right until his successor is duly elected and qualified, although there is no statute provision authorizing him to do so: Stratton vs. Oulton, 28 Cal., 44. It was also held, that an officer elected under a law which is silent as to his term

of office, but which requires an election to be held every two years, holds until his successor qualifies: Cordiell vs. Frizell, 1 Nev. 130. At common law a public officer, chosen for a specified term, cannot hold over upon the failure of the proper body to elect a successor: People vs. Tieman, 30 Barb., 193. An officer elected "for the year ensuing" in the absence of any restrictive provisions, may continue to hold and exercise his office, *after* the expiration of the year, until he is superseded by the election of another person in his place: McCall vs. The Byram Manufacturing Co., 6 Conn. 428; Spencer vs. Champion, 9 Conn. 536; Bethany vs Spencer, 10 Conn. 200. We are of the opinion that Prof. Roney, the plaintiff in this case, is entitled to his salary as city superintendent from the beginning of the school year on the first Monday of June, 1878, and, therefore. direct, in accordance with the argreement of the parties, judgment to be entered in favor of the plaintiff, and against the defendants. for the sum of one thousand and fifty dollars. All sums of money paid by the defendants to the plaintiff since the first Monday of June, 1878, for services rendered as superintendent to be applied as part payment of said judgment.

Now, 24th February, 1879, the Prothonotary of Lackawanna county is directed to enter judgment in this case, as above directed.