BERNHARD BRUGGERMAN, Appellant, *vs.* GEORGE PETER HOERR, *et al.*, Respondent.

APPEAL FROM THE DISTRICT COURT OF BLUE EARTH COUNTY.

In an action by a judgment creditor to set aside conveyances of his debtor's real estate, made prior to the recovery of the judgment, as a fraud upon creditors, the plaintiff alleged that the indebtedness upon which the judgment was recovered, existed at the time the conveyances were made; which allegation of indebtedness the grantee of the judgment debtor denied. *Held*, that the judgment was not conclusive upon the parties to this action as to the alleged indebtedness, and that if such indebtedness arose out of a contract that was void as against public policy, the plaintiff was not a creditor within the meaning of the statute concerning fraudulent conveyances of real estate, and that such conveyances were valid as against him, whatsoever the intent with which they were made and received.

### Points and Authorities for Appellant.

The District Court erred in setting aside the verdict of the jury, finding the deeds under which the Respondents claim fraudulent as against the Appellant, and rendering judgment in favor of the Respondent upon the answer of the jury to an interrogatory put to them by the counsel for the Respondent.

1st. Because the said interrogatory has not any foundation in the pleadings, and the counsel for the Respondent had not the legal right to put it to the jury. The answer of the jury to that interrogatory is not responsive to any allegations contained in the pleadings. A verdict not responsive to the count is nugatory and void. *Monell's Pr.*, 684; *McCarty vs. Hudson*, 24 *Wend. Rep.*, 271.

2d. Because the judgment of the Appellant against Keck is admitted by the Respondent in his answer. That is conclusive of Keck's legal and just indebtedness to the Appellant, and gives him the right to attack the conveyances from Keck to Klugorty and Respondent for fraud. The source or construction of that indebtedness could not be questioned or litigated in this action; that subject was *res adjudicata*.

This case stands upon the same principle as a creditor's bill. It is in fact a creditor's bill, filed for the purpose of reaching the judgment debtor's property in the hands of his fraudulent grantee, making that grantee a party. In such cases the judgment is conclusive against all the Defendants, and no execution is necessary if the property sought to be reached is real estate. 2 *Hoffman's Ch. Pr.*, 119, 120; *Hone vs. Woolsey*, 2 *Edw. Rep.*, 289; *McElvaine vs. Willis*, 3 *Paige R.*, 506; 3 *Paige*, 320; *Boyd vs. Hoyt*, 5 *Paige R.*, 65; *Mit. Pl.*, 127. And the fraudulent grantees may be united in the same bill with the grantor. *Fellows vs. Fellows*, 4 *Cow. R.*, 682.

3d. Because the District Judge based the order appealed from, upon the evidence given upon the trial, and the said answer of the jury to the said interrogatory, regardless of the pleadings, and without any case stating the evidence. According to the notice served, the motion was founded on the verdict alone. Upon such a notice the Judge could not properly consider anything but the verdict on the hearing of the motion. Still he did go behind the verdict, not to look into the pleadings, but to consider the evidence upon his recollection of it, and therein to find cause to invalidate and overrule a judgment admitted by the Respondent in his answer. This was error, in both law and practice, palpable and grievous.

The order appealed from should be reversed, and judgment on the verdict should be ordered in favor of the Appellant.

Points and Authorities of Respondents.

I.—The conveyance to Defendant Hoerr was upon a sale for a valuable consideration, and binding between the parties. In order to avoid a conveyance made for a valuable consideration as fraudulent as against creditors, it must be shown that the purchaser was a party to or conversant with the fraudulent intent. *Waterbury vs. Sturtevant*, 18 *Wend.*, page 365; *Cunningham vs. Freeborn*, 11 *Wend.*, *p.* 253; *Hanford vs. Archer*, 4 *Hill*, *p.* 271.

II.—The purchaser must have notice of the indebtedness, and the intent to defraud the creditor; the indebtedness must be an *existing, legal and valid indebtedness*, such as the cred-

itor could have enforced in law, otherwise the purchaser would have no notice of any indebtedness; to entitle a creditor in equity to have a *voluntary* conveyance by his debtor set aside, he must prove by competent evidence the existence of his debt at the time of the conveyance, and that he will be defrauded and a loser unless it be set aside. *See cases above cited*; also *Kings vs. Clark*, 2 *Hill Ch. R.*, 605; *U. S. Equity Digest, vol.* 1, *p.* 551.

III.—The judgment in favor of Bruggerman against Keck, is not evidence of an indebtedness as against Hoerr; the purchase was made long before the judgment, and therefore the purchaser had no notice of any judgment, and unless there was a valid debt existing at the date of the conveyance, there could have been no creditor and no one defrauded.

The judgment would at farthest only be evidence between the parties to that action of any fact, and would not bind Defendant. *Maybee vs. Avery*, 18 *John. R.*, 352; *Lavern vs. Glunt*, 10 *Wend. R.*, 81; *Jackson vs. Vedder*, 3 *John. R.*, 8; 3 *Cow. R.*, 516.

IV.—Although the Plaintiff claims an indebtedness prior to and at the time of the purchase, yet all the evidence goes to show, and the jury so find, that there was no indebtedness except for moneys advanced by Bruggerman to Keck, upon a contract for the purchase of eighty acres of Keck's land before he preempted it; *see verdict of jury, answers to interrogatories submitted by Defendant.* Such contracts are expressly forbidden by the pre-emption laws of 1841; a contract being in violation of law and public policy is void, and no indebtedness could have arisen by virtue of such contract. *Chitty on Contracts*, 670; *Parsons on Conts.*, 380.

V.—The indebtedness proved and found by the jury to be the only indebtedness from Keck to Plaintiff, not being a legal one, nor such as could be enforced in law, but arising out of such illegal contract against the laws of the United States, is no indebtedness. The Defendant Hoerr, even if he had notice of it, had a right to disregard it, knowing that it could not be collected by law; he was not a party to the action in which the judgment was recovered against Keck, and could not be made one and had no chance to defend, and is

therefore not bound by the judgment nor by judicial proceedings to which he was not a party. *Thomas vs. Hubbell et als.*, 16 *N. Y. Rep.*, 405.

VI.—The indebtedness found by the jury could not be enforced in law, and the Plaintiff cannot ask the aid of a court of equity to assist him to collect an indebtedness under such circumstances; "he must come into a court of equity with clean hands." The contract out of which this action arose is so tainted with fraud and immorality as to render it incapable of becoming the foundation of any rights or equities, and in such case the Courts will withhold relief. *Folsom vs. Evans,* 5 *Minn. R.*, 422. The rule applies in this case, for the Plaintiff is compelled to rely upon the indebtedness arising out of this illegal transaction to make out his case, and that is the test of its applicability. *Chitty on Contracts*, 671, *marginal p. 574, and cases cited to note 1; Parsons on Contracts, 380-81-82, and notes.*

VII.—The Courts on the application of a judgment creditor to set aside a fraudulent conveyance, will examine into the claim on which his judgment is founded and award him only what is equitably his due. *Dean vs. Smith,* 2 *Mason's Rep.*, 252; *U. S. Eq. Digest, vol.* 1, *p.* 561.

A deed, fraudulent as to creditors, cannot be avoided by a creditor, the consideration of whose demand is illegal. 1 *Mass. Rep.*, 165. In this case the Plaintiff himself is compelled to go back of the judgment and prove the original indebtedness of Keck to him, which he shows, or the jury find upon his evidence, to be an illegal one, and the judgment has not and cannot legalize it, and Defendant is not estopped from disputing its legality, and courts will enquire into the same. This case therefore comes within the decision of this Court in the case of *The St. Peter Company vs. Bunker,* 5 *Minn. R.*, 192, and judgment should be rendered for Defendants.

DANIEL BUCK, and A. G. CHATFIELD, Counsel for Appellant.

WILLARD & BARNEY, Counsel for Respondents.

*By the Court*—EMMETT, C. J.—The Plaintiff is a judgment creditor of one John Keck, and as such brings this action

against him and his grantees, to set aside certain conveyances of Keck's real estate, which are alleged to have been made to defraud creditors, and particularly to defraud the Plaintiff. The judgment which he recovered against Keck was rendered long after the execution of the conveyances against which he asks relief, hence it became important for the Plaintiff to show the relation which he bore to Keck at the time they were made. And to this end he alleged in his complaint that Keck was, at and prior to the making of said conveyances, indebted to him in a certain sum. That he, at a specified time, which was about the time the deeds bear date, commenced his action to recover said debt, and afterwards recovered judgment against said Keck for the amount thereof.

The Defendant Hoerr to whom all of the lands were conveyed, either by Keck himself, or Klugorty, his grantee, answers, denying all allegation of fraud, and that Keck was indebted to the Plaintiff at the time the several conveyances mentioned were executed, and avers that he paid a fair and adequate consideration for the lands, setting forth the particulars thereof in detail; and that said lands, or a specified portion thereof, were at the time occupied and claimed by said Keck as a homestead.

The reply is chiefly directed to the allegations of the answer concerning the consideration paid by Hoerr for the lands, and the claim of a homestead therein by Keck.

On the trial the case seems to have been submitted to the jury on certain written interrogatories, but the paper books furnished us do not inform us whether all the issues were submitted, or only the particular facts embraced in the several written interrogatories. The action itself is one in which the issues of fact should all be tried by the Court, unless by consent of parties or order of the Court, they or specific facts involved therein are submitted to the jury or referred.

The jury found specially, upon the interrogatories submitted to them,—that the several deeds were made with intent to defraud the Plaintiff of his debt against Keck,—and that Defendant Hoerr had notice of such indebtedness and intention to defraud,—and that he received the conveyances to himself in aid of Keck's fraudulent design. But they also

found that the indebtedness of Keck to the Plaintiff was for moneys advanced by Plaintiff to purchase a portion of Keck's pre-emption claim, before .the same was pre-empted, and that Hoerr had no notice of any other indebtedness from Keck to the Plaintiff.

Upon this finding the Defendant moved for judgment, and the Court having granted the motion, the Plaintiff appealed from the order granting it. He now insists that the finding of the jury in regard to the nature of the alleged indebtedness of Keck to the Plaintiff, was not responsive to any allegation contained in the pleadings, and therefore should not have been considered. We think, however, that as the facts tended directly to disprove the allegation of Keck's indebtedness, they were admissible under that issue as evidence, without being specially pleaded. The Defendant traversed the allegation of indebtedness in the words of the allegation, and that was sufficient. He was not required to be more specific. than the Plaintiff.

The Plaintiff further urges that the judge, on the hearing of said motion, was not authorized to go behind the verdict, and consider the evidence on which it was founded ; and that, as it is apparent from the opinion filed, that the Court did base his opinion on. the evidence as he remembered it, and not upon the verdict alone, the order should be reversed. It was unnecessary, perhaps, for the judge to make any effort to sustain the correctness of the finding, by a reference to the evidence on which it was founded, because the verdict itself was conclusive on that point ; but still we cannot see how it can affect the merits of the order, for him to show that the evidence fully justified the verdict in this particular.

The most important question, however, raised in this case, one in fact involving the right of the Plaintiff to relief under any circumstances, is whether the judgment which the Plaintiff recovered against Keck is conclusive in this action, and precludes the Defendant, Hoerr, from inquiring into the alleged indebtedness on which it was founded.

There seems to be a strange dearth of authorities on the point here presented. Neither party has produced or cited a single case, that we have been able to find, that can be said to

bear directly upon this question. Reasoning from principle and analogy, however, we have found little difficulty in arriving at conclusions satisfactory to ourselves.

We have before remarked, in substance, that the Plaintiff was himself obliged to go behind the judgment, and aver an indebtedness to him at the time of the making of these conveyances, because the judgment was not of itself sufficient, having been rendered long after the lands had been conveyed. It was, therefore, essential to the success of the Plaintiff in this action, that he should show himself to have been a creditor of Keck at the time of the transfer. The issue upon this point was, in fact, one of the main issues in the case, for unless Keck was then indebted to him, the Plaintiff was not in a position to be prejudiced by any disposition which Keck might make of his property.

But whether Keck was so indebted depends entirely upon the facts as they then existed,—not as they have since been moulded by subsequent events. If he had a claim or demand which could then, or when it became due, be legally enforced against Keck, he was a creditor. But if his claim or demand was not of a character to be legally or equitably enforced, he was not a creditor, in our opinion, and therefore could not be prejudiced by any disposition which Keck might choose to make of his property. And if the conveyances were not invalid at the time they were executed, as a fraud upon the rights of the Plaintiff, (and it does not appear that at that time or since, there was any other person to whom Keck was indebted), it seems clear that they could not be vitiated by the subsequent act or omission of the grantor, to which the grantee was not a party.

What then was the character of the Plaintiff's claim against Keck ?

The jury have found that the alleged indebtedness was for moneys advanced by the Plaintiff for the purchase of a portion of Keck's pre-emption claim, before the same was pre-empted. And this Court has held, in the case of *The St. Peter Company vs. Bunker*, 5 *Minn.*, 192, that such a contract is in violation of law, and against public policy, and that money paid thereon cannot be recovered back. Under this decision,

it is plain that the Plaintiff had no claim which he could then or at any subsequent time legally have enforced against Keck. He was not indebted to the Plaintiff, and the conveyances were not, therefore, at the time they were executed, in fraud of the Plaintiff's rights as a creditor. They were valid as between the parties thereto, and equally so as against the Plaintiff, whatsoever may have been the intention with which they were made and received.

But, says the Plaintiff, I have since recovered a judgment on the claim which I then had, and the Defendants cannot now deny that the indebtedness on which it was founded was proper and legal. This may be true as to Keck, who was a party to the action, but we cannot admit that the proposition is correct as to the other Defendants, who are not parties to said action, and had no opportunity of defending against the Plaintiff's claim against Keck. We do not recognize the power of a grantor, under such circumstances, to destroy or impair the title of his grantee, by neglecting or refusing to make a proper defence to an action against himself alone, in which the title was in no way involved. That Keck could easily have defeated the action, is apparent from the finding of the jury in the case. And his failure to make the proper defence, whether by collusion with the Plaintiff, or through indifference as to the result of the action, would be a fraud upon his grantee, if the judgment were allowed to affect the conveyances.

Again, as the Plaintiff has himself found it necessary to go behind the judgment and appeal to the facts as they existed at the time of the transfers, why should he not be bound by them? He alleged that Keck was at that time indebted to him, a fact necessary to his recovery in this action. Why may not the Defendant, after traversing this allegation, show that no such indebtedness existed? I cannot understand how the allegation may be traversed, but not disproved. It appears to me that the doctrine contended for by the Plaintiff, would enable the grantor to defeat his own conveyance at pleasure, and place the grantee entirely at his mercy. A conveyance valid and operative when executed, should not be vitiated by the acts or omissions of a party no longer inter-

ested in the subject matter conveyed.  Nor should the holder of a title, perfect in its inception, be divested of his estate at the will of another over whom he can exercise no control.

Again, our statute is in the terms following :

"Every conveyance of any estate or interest in lands  *  *  *  made with intent to hinder or defraud creditors or other persons of their *lawful* suits, damages, forfeitures, debts or demands,  *  *  *  shall be void" as against the person so hindered and defrauded.

This, as well as the statutes of most of the United States on the same subject, is taken from the *English Statutes of* 13 *Eliz. and* 27 *Eliz.* ; but as the English statutes do not make use of the term " lawful," may we not conclude that our Legislature inserted it to exclude the idea that such conveyances could be declared void as against any one holding a claim or demand that could not be enforced in a Court of justice ?

The order appealed from is affirmed.