## JOSEPH FERGUSON

*v.*

## JOSEPH KUMLER et al.

F. brought suit against J. upon two $500 promissory notes. In defense, J. set up by way of set-off, two other promissory notes against F., which were tainted with illegality. Judgment was rendered for the amount of the two $500 notes, disallowing the set-off. In an action by F., as a judgment creditor, to set aside certain alleged fraudulent conveyances made by J., *Held,* that even if M., the grantee, could be permitted to question the conclusiveness of the judgment, he could not be allowed to attack it on the ground that the two notes attempted to be set off were not allowed in reduction of the demands upon which the judgment was recovered. While the suit brought by F. against J. was pending, J. conveyed the bulk of his property to M., in satisfaction of a debt due from J. to M. *Held,* that the preference given was not *per se* a fraud upon F.

This action was brought in the District Court for Scott county, by Joseph Ferguson, against Joseph Kumler and wife, and Michael Kumler, to set aside certain alleged fraudulent conveyances made by the said Joseph Kumler and wife to Michael Kumler. The complaint sets up that in May, 1859, plaintiff, Joseph Ferguson, commenced an action in the District Court of Carver county, against the defendant, Joseph Kumler, upon two promissory notes of $500 each, made by said Kumler, and held and owned by said Ferguson, which notes were given for the purchase price of certain lands in Scott county ; and that in such action said Joseph Kumler in his answer therein, alleged and insisted upon a counter claim to the amount of $585 and interest, which counter claim was denied in the reply ; and that such action was tried by a

Ferguson v. Kumler et al.

referee on the 31st of May, 1861, and judgment perfected in favor of plaintiff in Carver county, on his report for the whole amount claimed, on the 18th of February, 1862; that a transcript of such judgment was filed, and judgment docketed in Scott county, on the 30th of December, 1862, and a few days after in McLeod county; and that such judgment is still unsatisfied; that Joseph Kumler, at the time of the trial and hearing of said action before the referee, was the owner in fee of 160 acres of land in Scott county, (for which the two notes were given,) and resided upon lands in McLeod county, a part of which he claimed as a homestead; that after the trial and hearing of said cause before the referee, and before the perfecting and docketing of the judgment upon his report therein, the said Joseph Kumler and wife conveyed said lands in Scott county to the defendant, Michael Kumler, the father of said Joseph, and that such conveyance was without consideration, and made to hinder, delay and defraud plaintiff in the collection of his debt, and of any judgment he might recover, out of said lands.　＊　＊　＊

The answer attempts to attack the judgment by setting up certain matters which were litigated in the action upon which the judgment was rendered, for the purpose of showing that the conveyances of the land in Scott county were not made with intent to defraud any lawful creditor, and alleges that such conveyances were made and accepted in payment of a note of $1250 and interest, made by said Joseph Kumler, and held and owned by Michael Kumler. It is also stated in the answer, that defendant purchased and pre-empted of the United States 141 6-100 acres in McLeod county, in the fall of 1861, and borrowed the money to pay for the same of Michael Kumler, and assigned the certificate of purchase to said Michael, as security for the money so borrowed, and that no part of the money has ever been paid.

A motion was made by the plaintiff for judgment on the pleadings, and granted by the court below, and the defendants appeal to this court from the order granting such motion.

L. M. BROWN, for appellants.

I. Upon a motion for judgment upon the pleadings, notwithstanding the answer, all facts, well or properly pleaded in the answer, are admitted to be true.

II. The appellants have the right to assail the supposed judgment for the same reasons and upon like grounds as they might do in case of a contract or other proceeding. "Fraud and imposition invalidate a judgment, as they do all acts." *Dobson v. Pierce,* 12 N. Y. R. 156, and cases there cited.

III. The respondent cannot, it is respectfully submitted, now claim to enforce his judgment upon the land described in the complaint, as an equitable lien for purchase money, after having obtained a general judgment upon his notes, and docketing his judgment in several counties, as a general lien upon the property of his debtor; he, by so doing, elects to rely upon his remedy as a general creditor, and thereby waives his equitable lien, and his *equities* are not superior to those of any other creditor at large, although his *legal* lien would give him preference in collecting his debt. The respondent, by so doing, takes other security for his debt, and is within the principle laid down in *Selby v. Stanley,* 4 Minn. Rep. 65.

IV. If, then, the respondent has *no equitable lien* upon the premises, he can have no claim to a preference over Michael Kumler, who has taken the conveyance of the land in Scott county in payment of a just debt, and security upon the land in McLeod county for another just debt. Joseph Kumler had the right to give preference to his creditors, and his acts amount to nothing more. Michael Kumler was a *bona fide* purchaser for a valuable consideration. *Seymour v. Wilson,* 19 N. Y. Rep. 417.

V.   The appellants, Michael Kumler and Elizabeth J. Kumler, were not parties or privies to the judgment mentioned in the complaint, and have the right now to show that the respondent was not in *fact* a creditor of Joseph Kumler, and thereby to protect their own property from being sacrificed in payment of a groundless debt.   The judgment is not conclusive against them.   They have not had their day in court. *Bruggerman v. Hoerr*, 7 Minn. R. 337.

VI.   Michael Kumler was a purchaser in good faith, and for a valuable consideration, even within the rule laid down in *Dickerson v. Tillinghast*, 4 Paige R. 215, he surrendered up the note which was a security for and evidence of his debt. *Van Hueson and Charles v. Radcliff*, 17 N. Y. Rep. 582.

VII.   The respondent can have no *shadow* of right to appropriate the land in McLeod county to the payment of his judgment as against the appellant, Michael Kumler, as Michael Kumler holds it only as security for money directly advanced to Joseph Kumler, with which to pay the purchase price.

A. G. Chatfield, for respondent.

I.   The judgment described in the complaint, and on which the plaintiffs' application for relief in this case is founded, is conclusive.   That plaintiff was a creditor of Joseph Kumler at the time of the commencement of the action in which said judgment was recovered, and the amount of his demand have by the said judgment became *res adjudicata*.   2 Smith's Lead. Cas. (Hare & Wal. Ed.) 573, *et seq.*; Duchess of Kingston Case, 1 Greenf. Ev. Secs. 522–3–4–7; 2 Saund. Pl. & Ev. 608; 2 Par. on Con. 234; *et seq. Farrington v. Payne*, 15 Johns Rep. 432; *Brockway v. Kinney*, 2 John. Rep. 210; *Young v. Rummel*, 2 Hill Rep. 478; *Miller v. Manice*, 6 Hill Rep. 114; *Candee v. Lord*, 2 Coms. 267; *Embury v. Conner*, 3 Coms. Rep. 511; *Doty v. Brown*, 4 Coms. 71; *Green v. Clark*, 5 Denio's Rep. 497; *Miller v. Covert*, 1 Wend. Rep. 487; Story Eq. Pl., Sec. 782.

In an action like this, to reach the property of the defendant in the hands of his fraudulent grantee, for the purpose of applying it to the payment of the judgment, no inquiry can be made into the validity of the judgment. 2 Hoffman's Ch. Pr. 120 ; *Hone v. Woolsey*, 2 Ed. Ch. Rep. 289 ; *Candee v. Lord*, 2 Coms. Rep. 269.

It follows that all that part of the defendant's answer attempting to impeach the demands on which the judgment was recovered, and the proceedings in the action in which it was rendered, is inadmissible in this case, and must be excluded from consideration. That part of the answer is not well pleaded, and therefore is not admitted by the motion for judgment ; the motion stands as if that part of the answer was a blank. *Candee v. Lord*, 2 Coms. Rep. 269.

II.   The answer concedes that Joseph Kumler, the judgment debtor, conveyed the land in Scott county to his father, (the defendant, Michael Kumler,) with intent to hinder, delay and defraud the plaintiff as a judgment creditor. The conceded object of that conveyance was to defeat the collection of the plaintiff's debt. He and wife made and recorded the conveyance voluntarily, and without the knowledge of the grantee. So far as Joseph Kumler and wife are concerned, the fraud alleged is established.

The fact that he owed a debt to his father, does not divest the conveyance of its fraudulent character. An honest debt cannot, nor can a valuable consideration, be allowed to be used for a fraudulent purpose. *Beals v. Guernsey*, 8 John. Rep. 446 ; *Wickham v. Miller*, 12 John. Rep. 320.

III.   The defendant, Michael Kumler, is not in good faith, and for a valuable consideration, a purchaser of the said land in Scott county.

But even if he did not participate in such actual fraud, he is not a purchaser for a *valuable consideration.* The statement in the answer is, that the deed was made and recorded without his knowledge ; and without having seen the land, and

Ferguson v. Kumler et al.

without any knowledge of its value, he accepted it in satisfaction of a pre-existing debt of $1250 and interest thereon at eight per cent. per annum, from October, 1859, to June, 1861. *Root v. French*, 13 Wend. Rep. 570; *Jackson v. Myers*, 11 Wend. Rep. 533; Foynes Case, 1 Smith's Lead. Cas. 33, from 3 Coke's Rep. 80; *Payne v. Cutter*, 13 Wend. Rep. 605; *Baze v. Arper*, 6 Minn. Rep. 220; *Dickinson v. Tillinghast*, 4 Paige Rep. 215.

IV.   As to the lands in McLeod county, the statement in the answer is such as to concede, in the law, the right of the plaintiff to sale of it on his judgment.   Michael Kumler does not show any valid right in, or lien upon it, as against the plaintiff's judgment.   The plaintiff's rights in that case can be adjusted in settling the decree.

*By the Court*—BERRY, J.—This action is brought for the purpose of setting aside certain alleged fraudulent conveyances made by the appellant, Joseph Kumler and his wife, to Michael Kumler.   Prior to, and at the time when the conveyances were executed, the respondent held two notes for $500 each, against Joseph Kumler, and these notes were in suit when the conveyances were made.   Subsequent to the conveyances, judgment was rendered for said notes and interest, in favor of the respondent, and against Joseph Kumler.   The respondent seeks to set aside the conveyances, in order that the lands conveyed may be subjected to execution on his judgment.   For the purpose of showing that the conveyances were not made with the intent to defraud any *lawful* creditor, the answer attempts to attack the judgment, by setting up certain matters which were litigated in the action upon which the judgment was rendered, and as to which there can be no question that Joseph Kumler, who was defendant in that action, is concluded by the judgment.   But it is insisted that within the principle enunciated in *Bruggerman v. Hoerr et al.*, 7 Minn. 337, Michael Kumler, who was not a party to that

action, and who is the grantee named in the alleged fraudulent conveyances, is not concluded by the judgment, but that it is open to him to show that the demand upon which the judgment was recovered, was not justly due to the respondent, and that therefore the conveyances cannot be adjudged fraudulent, *because* they cannot be said to have been made with intent to hinder, delay or defraud creditors of "their *lawful* suits, * * * debts or demands," within the provision of the statute touching this subject, and found on page 450 Pub. Stat. It is not, however, necessary to consider the question raised by this point. For if it is competent for Michael Kumler to impeach the judgment in the manner attempted, the matter which he must allege and prove, in order to assail the judgment successfully, must be something which would have constituted a legal defense in the action in which the judgment was rendered. The judgment ought to be held good, not only against the judgment debtor, but all the world, if it was duly rendered on a sufficient cause of action. Of course we have no reference to a case where judgment was obtained by fraud on the part of the court, or referee, or by a fraudulent collusion between the judgment creditor and debtor, neither of which is charged in the answer. Now the matter of defense which Michael Kumler sets up here, is based upon two promissory notes given by the respondent to Joseph Kumler, and which it is claimed ought to have been set off or recouped against the demands on which the judgment was rendered. The consideration of both of these notes was money furnished by Joseph Kumler to the respondent, with which to pre-empt certain United States land, on an agreement to convey one-half of them in consideration of said money to Joseph Kumler. That this was an illegal and void transaction, has been settled in *The St. Peter Co. v. Bunker*, 5 Minn. 192; *Bruggerman v. Hoerr et al.*, 7 Minn. 343. Of course these notes could furnish no legal cause of action or set-off, or recoupment against the demands which the respondent held against Joseph

Kumler.   Assuming, then, that Michael Kumler had a right to assail the judgment against Joseph Kumler, the attack in this case was entirely futile, for even if the facts which he alleges be conceded, he shows no ground of defense which would have been available in the original action; no reason why the judgment was not duly and justly rendered.   Although it is true that the notes upon which the judgment was rendered were given for the purchase price of a part of the land which the respondent is seeking to reach with his execution, this is not an action in which any attempt is made to set up or enforce a vendor's lien, and we therefore deem it unnecessary to examine the points made by the appellants on that subject.

By the docketing of his judgment, the respondent acquired a lien upon any real estate belonging to Joseph Kumler.   At that time the lands which had been conveyed by Ferguson to Joseph Kumler, had been by Joseph Kumler conveyed to Michael Kumler.   It appears by the answer (and by the motion for judgment on the pleadings, notwithstanding the answer, whatever is well pleaded in the answer is admitted) that this conveyance was made by Joseph Kumler, and accepted by Michael Kumler, in satisfaction of an indebtedness for $1250, and interest, for money lent, evidenced by a note executed by Joseph Kumler in favor of Michael Kumler, and that upon the delivery of the deed the note was delivered up.   So far as appears, this was an honest debt, and one which Joseph Kumler had a right to pay in preference to paying the respondent. It does not appear that there was any considerable disproportion between the value of the land and the amount of the note for $1250.

Nor do we discover anything in the circumstances attending the conveyance which furnishes any satisfactory evidence that it was fraudulent.   This was a transaction between father and son, and that it should be characterized by mutual confidence is not unnatural, unreasonable, or fraudulent *per se*.   The fact that in taking a conveyance of the land in satisfaction of his

debt, Michael Kumler absorbed the fund from which the respondent expected to make his judgment, and in that way hindered him from collecting it, only shows that he was foremost in the race of diligence. Entertaining these views, we think that this part of the answer furnished a good defense *pro tanto.* So far as the land therein referred to was concerned, the respondent was not, upon the pleadings, entitled to the relief prayed for. As to the other tract of land situate in McLeod county, it appears that this was pre-empted by Joseph Kumler in 1861; that Michael Kumler furnished him the pre-emption money, and that as security therefor, Joseph Kumler assigned to Michael the certificate of purchase. There is no allegation that the respondent had notice, actual or constructive, of any right on the part of Michael Kumler to this tract of land, at the time when he recovered and docketed his judgment, even if this be important. Sec. 54, p. 504, Pub. Stat., provides that every conveyance of real estate, &c., not recorded, shall be void against any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record, prior to the recording of such conveyance. As to this tract, we see no reason why the lien of the judgment should not take precedence of any claim or right on the part of Michael Kumler. If Joseph Kumler has any homestead rights, these could probably be protected when a levy came to be made. At any rate, the statements in the pleadings do not authorize us to pass upon them. But as we think the order for judgment was wrong in reference to the tract of land in Scott county, it is reversed, and the case remanded for further proceedings.