GAMBRIL and Another *v.* DOE, on the Demise of ROSE.

The words "mortgage, assign over, and transfer" in a deed, will pass the legal estate.

A mortgage was given to secure the payment of a certain sum at a certain time with legal interest, containing an agreement that if the principal and interest should not be punctually paid, the land should be sold to pay the same with five *per cent.* damages thereon, and all costs. *Held*, that the contract was not usurious.

*Friday,
July 10.*

ERROR to the *Union* Circuit Court.

DEWEY, J.—Ejectment on the demise of *Rose* against *Edward Gambril* and *Traverse Gambril*. Plea, not guilty; trial by the Court; and judgment for the plaintiff.

The material evidence adduced on the trial was as follows:
1. A deed from *Edward Gambril* to one *Williams* for the premises in question, dated *January* 6th, 1837. The deed commences, "I, *Edward Gambril*, of, &c., do hereby mortgage, assign over, and transfer to *George Williams*, of, &c., for his use and benefit," &c. (the land in question), "to secure the payment of the sum of eighty dollars and twenty-five cents, in twelve months from the date, with ten *per cent.* interest thereon. And I do agree that said land, and all my right, title, interest, and claim therein, may be exposed to sale, if such principal and interest be not paid at the time the

same shall become due, to satisfy said principal and interest, with five *per cent.* damages thereon, and all costs." 2. A quit claim deed from *Williams* to the lessor of the plaintiff for the premises in question dated in 1842. 3. Admission of possession by the defendants at the commencement of the action. 4. A mortgage from *Edward Gambril* to *Traverse Gambril* dated *Nov.* 13th, 1841.

It is contended by the plaintiffs in error, that the mortgage from *E. Gambril* to *Williams* contains no words of conveyance of the legal estate; and that it is void for usury.

We do not think that either of these objections can be sustained. No particular form of words is necessary to effect a conveyance of real estate. Any words which denote the intention of the parties to a deed to transfer the title from one to the other are sufficient to make a conveyance. 2 Blacks. Comm. 298.—4 Kent's Comm. 460, *et seq.*—1 Mass. 219. An assignment is a transfer of real or personal property, and may be of lands in fee-simple. 1 Jac. Dict. 139.— 1 Toml. Dict. 106. We cannot doubt that the parties, by the use of the words "mortgage, assign over, and transfer," &c., designed to convey a legal estate from *E. Gambril* to *Williams* to the land in question, as a security for the debt named in the deed. The estate which passed was a life estate in *Williams,* his heirs not being mentioned. That estate passed by *Williams's* quit claim deed to the lessor of the plaintiff. This title was derived from *Edward Gambril,* one of the defendants, and of course must prevail against him; and it is good also against *Traverse Gambril,* the other defendant, as it is older than the deed from *Edward Gambril,* under which he claims title.

As to the objection of usury in the mortgage, it is sufficient to answer that, so far as regards the ten *per cent., that* was the lawful rate of interest when the contract was made; and, so far as regards the five *per cent.* damages contingent upon the sale of the premises under the power given in the mortgage, it was entirely optional with the mortgagor whether he would pay them or not. They were in the nature of a penalty for the want of punctuality in paying the debt when due. This saves the contract from the taint of usury. *Wells* v. *Girling,* 1 B. & B. 447. Besides, the five *per cent.* seems

to have been intended as a compensation for the trouble and costs of selling the mortgaged premises on default of the mortgagor in paying the debt. This, we think, is a reasonable stipulation to allow compensation for extra and incidental trouble and expense, and does not, in our opinion, render the contract usurious. *Baynes* v. *Fry*, 15 Ves. 120.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Reid, J. Yaryan*, and *J. S. Newman*, for the plaintiffs.

*J. Ryman* and *J. B. Sleith*, for the defendant.

