Shaw, C. J.
This is a bill in equity to redeem an estate mortgaged, brought by the second mortgagee against the assignee of the first mortgage, and the question is, whether the estate of the defendant had become absolute by foreclosure, before this suit was commenced. The case was submitted to arbitrators, who awarded in favor of the defendants, but submitted the question of law for the consideration of this court, upon the facts reported. If foreclosed, it was by force and effect of an entry made by the mortgagee on the mortgaged premises on the 23d of November, 1830, and it must be determined by the law as it stood before the revised statutes, St. 1785, c. 22, § 2, modified by St. 1798, c. 77. It must be done by making open and peaceable entry, talcing actual possession, and continuing such possession three years.
The present case shows that Mendell, the mortgagee, with *358 the consent of Micah Spooner, the mortgagor, made open and peaceable entry upon each parcel of the mortgaged premises, in the presence of the mortgagor and of two witnesses, and took actual possession for a breach of condition, and for the purpose of foreclosure, and that the mortgagor gave a certificate of the same in writing, to Mendell, the mortgagee. It further appears that Micah Spooner, the mortgagor, resided on the estate till his death, a few years since, say twelve or fifteen years. It does not appear that he paid rent, or that any change took place in the occupation of the mortgaged premises.
The court are of opinion, that this entry, possession, and the lapse of three years therefrom, without redemption, operated as a foreclosure of the mortgage, and rendered the mortgagee’s estate absolute. The provisions of the statutes were complied with. There was an open and peaceable entry, in presence of two witnesses, not only with notice to the mortgagor in possession, but with his consent, for condition broken, and for the purpose of foreclosing, and that certified in "writing.
Whether the mortgagor paid rent or not, is immaterial; as the facts stand, the mortgagor was tenant at will of the mortgagee, and then the maxim applies, that the possession of the tenant is the possession of the owner. The only question which could arise is upon the term actual possession. But we think it was used in contradistinction to the case of the mortgagor, or some other person, claiming to hold, and actually holding, the possession adversely, and not admitting the possession of the mortgagor; but a mortgagor, having consented to hold under the mortgagee, as his tenant, holds the possession for him, and makes the possession his possession.
Nor is there any importance in the fact, that there was no change in the occupation. There is an obvious distinction between the occupation and possession of an estate. By this finding we consider that the mortgagor continued as before, occupying the premises; but the difference is, that after the entry to foreclose, he held as tenant to the mortgagee and in subordination to his right of possession.
It is argued that the purpose of the statute, in requiring an *359 entry, and an actual open possession three years, was to give notice to third persons, having claims on the estate, that he is holding for the purpose of foreclosure, and if the mortgagor is left in possession, though as mere tenant at will, other parties may be misled. But we think that this was not the leading purpose of the open and peaceable entry, and the subsequent possession required by the statute of 1785, but to give ample and full notice to the mortgagor, that his right of redeeming would be gone in three years. The revised statutes, no doubt wisely, intend to go further, and provide that the certificate, constituting the evidence of an entry to foreclose, shall be recorded, for the information of all parties examining the title.
One obvious consideration is, that if the mortgagor, after an open and peaceable entry, and an actual possession, should lease the mortgaged premises to another person during the three years, the possession of such lessee would be a continuance of the mortgagor’s actual possession, and yet it would afford no more information to third persons of an entry for condition broken, than if the premises were let to the mortgagor himself.
It seems therefore that notoriety or publicity was not the leading object of the former law; but that it was intended to substitute an open and visible entry, made with the knowledge and consent of the mortgagor, in presence of witnesses, in place of a judgment, to fix the time at which the term of foreclosure shall commence. This seems to be confirmed by the few judicial decisions upon the construction of this act, which have been cited.
In Thayer v. Smith, 17 Mass. 429, the entry was made without actual notice to the mortgagor, and for that reason it was held not to be a compliance with the statute. The court say, “ the object intended by the law is, that the mortgagor may know when the three years commence, beyond which his right of redemption will cease,” and “ nothing short of actual notice to the mortgagor will supply the want of a continued possession.”
In Hadley v. Houghton, 7 Pick. 29, an instrument was relied on, purporting to be an agreement between the mortgagor and *360 mortgagee, admitting an entry, and leasing the estate to the mortgagor for three years. This was found in the custody of a deceased attesting witness, and it was held insufficient, because there was no proof that it had ever been delivered. But it is clearly implied in that case, that if there had been a good open and peaceable entry made, and actual possession taken, it would have been no objection to a foreclosure in three years, that the mortgagor had remained in possession as tenant.
H. G. O. Colby, for the plaintiff.
T. D. Eliot, for tie defendants.

Report accepted, and judgment thereon for the defendants.