## HUNT *a.* KEECH.

*Supreme Court, First District ; Special Term, September,* 1856.

MORTGAGE FORECLOSURE.—THIRTY DAYS INTEREST CLAUSE.

On what grounds the court will interfere to stay a mortgagee from enforcing a foreclosure under the usual thirty days interest clause.

Motion in a foreclosure case after judgment, to stay the plaintiff from further proceedings on payment of the interest in arrear.

*W. Allen,* for the motion.

*J. B. Fitzgerald,* opposed.

WHITING, J.—This is a suit to foreclose a mortgage. The defendant asks to be relieved on payment of the interest and costs, the principal not being due by the terms of the mortgage, until May, 1858. The mortgage contains a clause which is in the form of a condition, that if any default should be made in the payment of the interest, or any part thereof, on any day whereon the same was made payable, and should remain unpaid and in arrear for the space of thirty days, then and from thenceforth after the lapse of said thirty days the principal sum and all interest thereon should at the option of the plaintiff be immediately due and payable.

The defendant failed to pay the interest which became due in the month of May, and after the expiration of the thirty days the plaintiff brought this suit, and insists that the principal had become due.

The defendant attempts to excuse his laches, but there is not enough in the papers presented to me to excuse the defendant for his neglect. If the defendant had sought the plaintiff and tendered him the interest within the time, or the plaintiff had done anything to prevent the payment being made, the court might interfere. The case of Noyes *v.* Clarke, 7 *Paige,* 179, is decisive against the defendant. The commencement

of this suit is a sufficient notice of the determination that the plaintiff intends to treat the whole sum as due.

The motion to stay the plaintiff on payment of the interest, must be denied with ten dollars costs.