## ROSSEEL vs. JARVIS and others.

Tenant for life under J took a deed for the fee from a person whose title was hostile to that of J, and gave the grantor a mortgage on the land to secure the purchase money, and afterwards released the life estate to J, who entered into possession. Subsequently the grantor brought an action to foreclose the mortgage, making the mortgagor and J defendants, and J answered setting forth the above facts, and claiming the paramount title under a tax deed by virtue of which he had taken possession of the land and made valuable improvements on it, prior to the creation of the estate for life. The court be-

# 572     CASES IN THE SUPREME COURT

low refused to hear evidence as to the title, possession or improvements of J, and gave judgment of foreclosure and sale, with the usual order that the purchaser be let into possession, saving the rights of J by, the following clause : "excepting from the operation of this judgment any interest in said mortgaged premises which the said J may have by virtue of any tax deed, as reversioner, after the death of M," (who had been the tenant for life). *Held*, that the rights of J were sufficiently protected by the judgment.

Tenant for life does not forfeit his estate by accepting a deed for the fee from a person, whose title is hostile to that of the reversioner.

A notice of election to consider the whole mortgage debt due by reason of default in payment of one of the installments, was signed with the name of the mortgagee (who resided in the state of New York), and was served upon the mortgagor in this state. The summons in the action of foreclosure having been served within seven days afterwards, the mortgagor put in an answer impeaching the. consideration of the mortgage and denying the sufficiency of the notice of election, but not putting in issue an allegation in the complaint, that upon service of such notice the mortgagor refused to pay &c ; *Held*, that the notice was sufficient.

A judgment of foreclosure sufficiently recognizes the mortgagor's right of redemption under the statute, by directing that the sheriff's certificate of sale shall specify that the purchaser will be entitled to a deed for the land after the expiration of one year from the time of sale, unless the same shall be redeemed within the year as provided by law.

APPEAL from the Circuit Court for *Dane* County.

*Frances H. Rosseel* brought this action against *Mary Jarvis, sen.*, and *Mary Jarvis, jun.*, to foreclose a mortgage given to her by them to secure their bond for the purchase money of a tract of land conveyed by her to them simultaneously with the execution of the mortgage. *William B. Jarvis* was also made a defendant, under an allegation that he claimed some interest in the mortgaged premises, which accrued subsequently to the execution of the plaintiff's mortgage. The mortgage to the plaintiff was dated December 24, 1859, and the mortgage debt was payable in installments, with a stipulation that upon any default in the payment of any installment as it fell due, the whole principal should at once become due and payable at the option of the mortgagee. The complaint alleged a default . in the payment of an installment which fell due October 1, 1860, and that the plaintiff elected to treat the whole debt as at once due and payable, " of which choice she caused due notice to be given to the defendants *Mary* and *Mary Jarvis* on the 3d day of November, 1860, and demanded of said defendants payment there-

of, but they have refused to pay the whole or any portion thereof." The complaint was filed on the 3d of November, and the summons was issued the same day, but was not served on any of the defendants until the 10th of that month. The answer of *Mary Jarvis, sen.*, alleged that in May, [?] 1857, said *William B. Jarvis* was in possession of the land described in said mortgage, under tax deeds previously executed to him and recorded, and had made substantial improvements on the land to the value of about $2000; that on the 1st of April, 1857, said *William B.* conveyed said land to said *Mary Jarvis, sen.*, and her husband William B. Jarvis, sen. for the term of their natural lives, and thereupon put them in possession of said land; that they continued to hold possession as tenants of said *William B., jun.*, until the death of said William B., sen., in April, 1859, after which said *Mary Jarvis, sen.*, continued in possession as such tenant, and at the time of the execution of the plaintiff's deed to her for said land, and of her execution of said mortgage, she was in actual possession of said land, as tenant for life under said *William B.*; that said title and possession were hostile and adverse to the title of the plaintiff, and that the deed executed to her by the plaintiff was accepted by her without the knowledge or consent of said *William B.* She alleged, as a further defense, that the plaintiff had no title to said land, although it was represented to her at the time by the agent of the plaintiff that the plaintiff's title was perfect, which representation said agent knew to be false. For a further defense, she alleged " that no notice of the election of the plaintiff to treat the whole sum remaining unpaid as due, was served upon or received by her, except a written notice purporting to be signed by the plaintiff, dated November 2d, 1860, and served November 3d, 1860, at the residence of the defendant twenty miles from Madison; that the plaintiff resided in the State of New York, and that said notice contained no intimation that the payment could be made to any other person, or at any other place, or that any person was acting as her agent; wherefore she had no sufficient notice of said election.—The answer of *Mary Jarvis, jun.*, stated that she was not in the possession of said land

at the time the plaintiff executed said deed to her and said *Mary J.*, *sen.*; that said land was then in the actual possession of *Mary J.*, *sen.*, as tenant for life under *William B. Jarvis*, whose title was adverse to that of the plaintiff; that neither the plaintiff, nor those under whom she claimed, had been in possession of said land, or of the rents and profits thereof, within one year before the date of the conveyance by her to said *Mary* and *Mary J.*, *sen.*, and so said deed was void and the mortgage without consideration. For a further defense she alleged, in the same terms as did the answer of her mother, want of notice of the plaintiff's election to consider the whole debt due. The answer of *William B. Jarvis* set forth substantially the same facts which are stated in the first special defense of *Mary Jarvis*, *sen.*, and alleged also that on the 20th of August, 1860, said *Mary J.*, *sen.*, by deed, quit-claimed to him all her interest in said land under the deed so made to her and William B., sen., and that he had been in the actual possession of said land ever since the 20th of November, 1856, and so he insisted that said mortgage was void as to him, &c.

On the trial, the plaintiff having read in evidence the mortgage and bond mentioned in the complaint, " the defendants offered to read the testimony taken on their part before the referee, to sustain their several answers. The plaintiff objected to the introduction of any evidence in relation "to the title, possession or improvements of *William B. Jarvis* and the defendants holding under him, under said answers, for the reason that those parts of said answers did not constitute a defense." The court sustained the objection, and the defendants excepted. No other evidence was given. The court found for the plaintiff, and ordered a foreclosure and sale, directing, among other things, that upon such sale the sheriff should execute to the purchaser a certificate in writing, under seal, setting forth the tract of land sold, the sum paid therefor, and that the purchaser would be entitled to a deed of the same after the expiration of one year from the time of sale, unless the same should be redeemed from such sale within the year, as provided by law; that at the expiration of one year from the time of such sale,

said sheriff, or his successor in office, should execute a deed
to such purchaser for so much of said premises as should
then remain unredeemed; that the defendants be barred and
foreclosed of all equity of redemption and claim in and to
said premises, from and after one year from the sale thereof
by the sheriff as before provided, and that the purchaser of
so much of said premises as should remain unredeemed at
the expiration of said year, be let into possession thereof on
production of the sheriff's deed and a certified copy of the
order confirming the report of said sale; " excepting from
the operation of this judgment any interest in said mortgag-
ed premises which the said defendant *William B. Jarvis*
may have, if any he has, by virtue of any tax deed, as rever-
sioner after the death of said *Mary Jarvis*, his mother." It
was also ordered that the mortgagors should pay the amount
of the deficiency, if the premises should not bring enough to
pay the mortgage debt. The mortgagors and *William B.
Jarvis* joined in an appeal.

*Wakeleys & Vilas*, for appellants: ·

1. The judgment contains no provision giving the defend-
ants a right of redemption, except that it provides that the
sheriff shall execute a certificate stating that unless the land
is redeemed in one year, the purchaser will be entitled to a
deed; but the judgment absolutely bars all the defendants
at the expiration of one year from the sale, from all right in
the lands, directs the sheriff unconditionally to execute a
deed to the purchaser at that time, and provides that the
purchaser be let into possession. Whether the defendants
attempt to redeem or not, they have no right to prevent the
issuing of the sheriff's deed, and are absolutely barred.
2. *Wm. B. Jarvis* had a claim of title prior and adverse to
that of the mortgagee. The court cannot, in a foreclosure
suit, determine conflicting claims of title to the mortgaged
premises. 2 Seld., 82; *Eagle F. Ins. Co. v. Lent*, 6 Paige,
635; *Holcomb v. Holcomb*, 2 Barb. (S. C.), 20; *Stuart's Heirs v.
Coalter*, 4 Randf., 74; *Wotten v. Copeland*, 7 John. Ch., 140;
*Baring v. Nash*, 1 Ves. & Bea., 551. Granting, for the argu-
ment, that the tenant has lawfully mortgaged the life estate
which she had—the only method in which the plaintiff has

June Term,
1862.

ROSSEEL
v.
JARVIS et al.

acquired any rights as against *William B. Jarvis*—the plaintiff gains thereby at most only a right to charge that life estate with the payment of her debt. She can not obtain a judgment which will place him, after the decease of the tenant for life, in a position which will compel him to bring an action to recover possession, in which he might fail from the very fact of possession in the present plaintiff. He would also lose his improvements, if he failed in such action, although made in good faith. The judgment should have directed a sale of the life estate only, and have provided for *W. B. Jarvis's* restoration to the possession, at its termination. [Other points in the argument are mentioned in the opinion of the court.]

*Julius T. Clark* and *P. L. Spooner*, for respondents.

October 11.      *By the Court,* PAINE, J.   We do not see any reason why the appellant *William B. Jarvis* can complain of this judgment. The judgment itself expressly excepts from its operation the paramount title set up by *Jarvis* in his answer, and can therefore never prejudice his rights under that title. But according to his own theory, the mortgage of his mother to the plaintiff was sufficient to convey her life estate, which he claims to have granted to her, and as he subsequently took a release from her, he was properly made a party to the foreclosure suit, to bar whatever right he might claim by virtue of the release. After the life estate ceases, he can assert his title under the tax deeds, if he has any, as against the title claimed by the plaintiff.

His counsel object to the judgment because it saves only his rights under the tax deeds, whereas, it is said, he might have other titles. But the answer is, that if he had other titles he should have alleged them. Courts are only bound to protect such rights as parties set forth. And having claimed title only through these tax deeds, paramount to this mortgage, the court was entitled to assume that that was all he claimed, and having excepted that from the effect of the judgment, he cannot now be heard to object that he might have other titles. It would be very difficult to sustain any

judgment, if they were to be reversed for reasons that *might* exist.

It was further claimed by his counsel, that the life estate of his mother was forfeited by her acceptance of a deed from a stranger, under the common law rule, that if the tenant for life or years admitted of record that the fee·was in a stranger, he forfeited his estate. The authorities cited show that such was the common law rule. But no case was referred to, and we have not been able to find any, where the doctrine was ever adopted in this country. The question of forfeiture by the tenant's attempting to convey a greater estate than he had, has sometimes arisen. And it has universally been assumed, either directly by the courts, or else through a statutory change of the rule, that the reasons upon which it was founded did not exist in this country, and that the rule itself ought no longer to prevail. Chancellor KENT states in his Commentaries, vol. 4, p. 456, [427] that " such forfeitures by the tenants of particular estates have become obsolete in this country ;" and in a note upon the same page, that the " extraordinary industry and great experience of the author of the Abridgement and Digest of American Law, .was not able to lead him to any case in our American courts in which there had been a forfeiture of the estate of a tenant for life or years by reason of a breach of duty as tenant by way of plea or default upon record." If it were necessary to decide directly upon the question, it might, therefore, well be doubted whether it should not be held that this common law rule does not prevail in this country. But even if it did prevail, it is very certain it would not be extended to any case not coming exactly within its letter, and the authorities referred to show that, by the rule itself, the act of the tenant causing the forfeiture must have been done in a court of record, and that was not the case here. True, it may be said that the acceptance of a deed and putting it on record, under our law, is an act equally conclusive as an admission in a court of record. But as the reasons of the law do not exist here, no case can be said to be within the reason of it, and the only question must be whether it is

VOL. XV—37

within the letter.   In this case it was not, and there was no forfeiture.

The only ground of error relied on in behalf of the mortgagors is, that it did not appear that any sufficient notice was given of the election of the plaintiff to have the whole sum become due, or any sufficient demand made.   The complaint avers notice and demand, and this averment is not denied, but the defendants expressly admit the service of a notice "purporting to be signed by the plaintiff."   Their real ground of objection seems to be, that as the plaintiff resided in the state of New York and they in the state of Wisconsin, and as the notice did not indicate any one in this state to whom the payment could be made, they should have been allowed a reasonable time to make the payment in New York.   What the effect might have been, if the mortgagors had proved that they were ready and willing to pay and asked only to have some one authorized to receive it, or that they had immediately sent the money to be paid to the plaintiff in New York, it is not necessary to determine, as there is no pretense that any of these things were true.   And the pleadings themselves preclude any such question.   For the complaint avers not only the notice and demand, but that the mortgagors refused to pay, and this is not denied.   Certainly, after this, there can be no question about their having a reasonable time to reach the plaintiff with the money.

We think the judgment sufficiently recognizes the right of redemption, in directing the certificate of sale to specify it.   The judgment is affirmed, with costs.