Miller, J.
The petition, in addition to the usual averments, alleges, “ that in the mortgage it was expressly agreed that, in case of default in payment, if the holder thereof shall elect to foreclose the same, the mortgagor will pay a reasonable attorney’s fee out of the real estate mortgaged, and that one hundred dollars was a reasonable fee.”
The mortgage contained the following clause: “ And it is expressly agreed, by and on part of the party of the first part, that in case said notes or either of them or any part of the same are not paid at maturity, and the second party his heirs or assigns shall elect to foreclose this mortgage, he will pay a reasonable attorney’s fee, to be entered up as part of the judgment, to indemnify the said mortgagee for the expense of commencing and prosecuting the suit of foreclosure.”
*124 The defendant answered, and among other defenses pleaded that this clause was usurious. To this plea the plaintiff demurred. The demurrer was sustained, and the sustaining of the demurrer to this plea of usury is thfe only error urged in appellant’s argument.
This stipulation for the payment of an attorney fee, in the event that default should be made in the payment of the notes and a suit to foreclose should be instituted, is not an usurious contract. The payment of the attorney fee could have been avoided by the mortgagor paying the notes at maturity, or at any time before suit brought. See Gower & Holt v. Carter & Shattuck, 3 Iowa, 244; and cases there cited on p. 252; Gilmore & Smith v. Ferguson & Cassell, 28 id. 220; Conrad v. Gibbon et al., 29 id. 120. And in Nelson v. Everett, id. 184, this court held that such attorney fee was recoverable. In that case, the defendant made default, whereupon the plaintiff offered to prove the reasonable attorney fee stipulated for in the mortgage, and the court below refused to hear the evidence. The cause was reversed, and the district court directed to hear the proof and tax up the fee accordingly.
Upon the authority of these cases, there was no error in sustaining the plaintiff’s demurrer, neither do we think there was any on principle.
The contract to pay an attorney fee not being usurious, upon what principle should it be disallowed ? Why cannot a party by his contract solemnly entered into for the sale of land, or for the loan of money, legally bind the other party to pay him a sum that will indemnify him against actual necessary expenses which he may have to pay out to collect his debt, and which could be avoided by prompt payment by the debtor? We can see no good reason why this may not be done.
The judgment of the circuit court is
Affirmed.