HOWE MACH. CO. (WOOSTER v.). See Case No. 18,037.

## Case No. 6,786.

### HOWENSTEIN v. BARNES et al.

[5 Dill. 482; 9 Cent. Law J. 48; 8 Reporter, 326; 1 Wkly. Jur. 249; 8 Am. Law. Rec. 163; 20 Alb. Law J. 318.] [1]

Circuit Court, D. Kansas. May, 1879.

NEGOTIABLE PAPER—ATTORNEY'S FEES—CONFLICT OF LAWS.

1. An instrument in writing, purporting to be a promissory note, is none the less a promissory note because it contains a stipulation to pay attorney's fees if suit be instituted on the note.

[Cited in Wilson Sewing Mach. Co. v. Moreno, 7 Fed. 808; Merchants' Nat. Bank v. Sevier, 14 Fed. 663; Farmers' Nat. Bank v. Sutton Manuf'g Co., 3 C. C. A. 1, 52 Fed. 195.]

[Cited in Benn v. Kutzschan (Or.) 32 Pac. 764; Trader v. Chidester, 41 Ark. 242; Dorsey v. Wolff, 142 Ill. 592–597, 32 N. E. 495.]

[See Bank of British North America v. Ellis, Case No. 859.]

2. In the construction of contracts, any interpretation or construction applicable or in-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 18 Alb. Law J. 294, contains only a partial report.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 8 Reporter, 326, and 20 Alb. Law J. 318, contain only partial reports.]

cidental to their performance should be governed by the law of the place of performance, while such as go to their execution or validity should be determined by the law of the place where they are made.

3. A paper writing for the payment of money in Missouri was executed in Kansas. By the law of Missouri, such writing was not negotiable; by the law of Kansas, it was: *Held*, that the paper was negotiable.

At law.

J. Brumback, for plaintiff.

Peck, Bryan & Johnson, for defendants.

Before MILLER, Circuit Justice, and FOSTER, District Judge.

FOSTER, District Judge. The defendants made two certain promissory notes, as follows: "2,040.20. Medina, Kas., March 4th, 1877. Thirty days after date we promise to pay to the order of Powers, Lynde & Co. two thousand and forty and twenty one-hundredths dollars, at the First National Bank of Kansas City, Missouri, with interest at twelve per cent per annum after maturity until paid, and ten per cent attorney's fees if suit be instituted on this note. The drawers and endorsers hereof jointly and severally hereby waive demand, protest, and notice of non-payment of this note; value received. Barnes & Haynes."

The other note was like this, excepting the date and amount, being dated January 30th, 1877, and for the sum of $2,020. Both these notes were by the payees endorsed and transferred to the First National Bank of Kansas City, within six days after their respective dates, said bank discounting the notes at their face, less the interest for the time they were to run, and placed the money to the credit of Powers, Lynde & Co., who afterwards checked it out. The defendants, a few days before the respective notes fell due, remitted the money to pay the same to Powers, Lynde & Co., not knowing that they had transferred the notes. Afterwards the First National Bank failed, and Howenstein was duly appointed receiver, and he brings this suit to recover against the makers. These notes appear to have been made in Kansas, and delivered to the payees at the place where they were made. They were made payable in Missouri, at the First National Bank of Kansas City, and were endorsed and transferred to said bank before maturity.

The supreme court of Kansas has decided that such notes are negotiable instruments. Seaton v. Scovill, 18 Kan. 435. The supreme court of Missouri has decided that they are not negotiable instruments. First Nat. Bank v. Gay, 63 Mo. 34. Neither of these decisions is founded on any statutory provision, but both rest upon constructions of the general principles of the law merchant. The defendants insist, however, that, as the contract was to be performed in Missouri, the parties are presumed to have contracted with reference to the law as decided by the supreme court of that state.

The purpose of interpretation in any case is to ascertain the intention of the contracting parties. But if the intention of the parties cannot be determined from the language of the instrument itself, it is to be sought for in the situation of the parties and the subject matter of the contract, aided by certain rules of construction which are presumed to be in accordance with the intentions of the parties. Story, Bills, § 143; Edw. Bills & N. p. 166. Undoubtedly the place of payment was fixed, in this case, for the convenience of the payees in the notes, as they resided in Kansas City, and held business relations with the bank where payment was to be made. There seems to be some uncertainty as to what rule governs in the construction and interpretation of contracts made in one state to be performed in another. It has been held that the law of the place of performance is to control as to the construction and interpretation of the contract; and, again, it has been as clearly held that a contract legal by the laws of the place where made is valid, and will be enforced in other jurisdictions. Story, Prom. Notes, 179; Tilden v. Blair, 21 Wall. [88 U. S.] 247. From the authorities which I have been able to examine, the true rule of construction is this: Any interpretation or construction applicable or incidental to the performance should be governed by the law of the place of performance, and such matters of construction or interpretation as go to the execution and validity of the contract are determined by the laws of the place where the contract was made. This is the rule established by the supreme court in the case of Scudder v. Union Nat. Bank, 91 U. S. 406. Now, if this case is such a one as calls for the application of this rule of construction, I should say the laws of Kansas would control, because the question is simply this: Are these writings promissory notes? The supreme court of Kansas says they are; the supreme court of Missouri says they are not. They were made in Kansas, and the laws of that state must determine their legal effect. It is a question touching their validity, and goes back to the execution of the papers. It is not reasonable to suppose that the contracting parties intended, by making these notes payable in Kansas City, to restrict their negotiability. If such had been the purpose, a stroke of the pen over the words "the order of" would have effected that object completely. Suppose the payees had transferred these notes, while in Kansas City, to a citizen of Kansas, could it be urged against him, because the courts of Missouri hold the paper non-negotiable, that he could not recover in the courts of Kansas? I think not. But it seems to me this case rests upon the general commercial law of the country, and this court is not bound to speculate upon the effect of these conflicting

decisions of Kansas and Missouri. Mercer Co. v. Hacket, 1 Wall. [68 U. S.] 96. Both of them cannot be good law; one is right and the other is wrong. The parties are presumed to have contracted with reference to the law as it really is; and it really is the same in both states, for it is a part of the common law of the land, and this court must base its decision on that law. And it seems to me the only way the defendants can be relieved from liability would be to hold that, under the commercial law of this country, these contracts are not promissory notes, because not drawn for an amount certain, by reason of the provision for an attorney fee. And in support of that proposition there are several very respectable authorities. First Nat. Bank v. Gay, 63 Mo. 34; Samstag v. Conley, 64 Mo. 476; Woods v. North, 84 Pa. St. 407; Lowe v. Bliss, 24 Ill. 168. On the other side, there are many equally respectable authorities. Gaar v. Louisville Banking Co., 11 Bush, 180; Sperry v. Horr, 32 Iowa, 184; Stoneman v. Pyle, 35 Ind. 103; Wyant v. Pottorff, 37 Ind. 512; Walker v. Woollen [54 Ind. 164]; Seaton v. Scovill, 18 Kan. 435, and cases therein cited. The reasoning upon which the Kentucky, Iowa, and cases following rest their decisions appears to me to be correct, and the conclusion reached is more in accordance with the advanced views of the present time, and with the general principles established by the supreme court of the United States in Mercer County v. Hacket, 1 Wall. [68 U. S.] 95, and other cases, sustaining the negotiability of municipal bonds.

The sum of money for which these notes were made is fixed and certain. The amount due at the maturity of the paper—the date when the makers promised to pay—was in no manner indefinite. At all times during the period these notes would have been negotiable were the provision for an attorney fee omitted—i. e., until they were due—they called for a definite and fixed sum of money, and it was only on the contingency there should be a breach of the promise and a suit brought to enforce it that it imposed a further liability. These notes stipulated for interest at twelve per cent per annum after maturity. Here is a further liability if not paid when due, and if we are to look beyond the day of payment fixed in the note, what prophetic vision can foretell what exact sum would be due when the note goes to judgment, or is voluntarily paid before judgment; but no one would contend but it is nevertheless a negotiable promissory note.

It is a hard case for the defendants to be compelled to pay these notes again, and it would also be hard for the creditors of the bank to have to lose the amount; but one party or the other must suffer, and in equity the one most in fault should be the loser. There was a want of caution by the defendants in sending the money direct to Powers, Lynde & Co. before due, without knowing they still held the notes, and being different from the place of payment named in the paper. Undoubtedly they had implicit confidence in the payees, and believed them to be honest men, and so sent the money directly to them in good faith; but that confidence was misplaced, and the defendants are the losers by it. Judgment must go for the plaintiff. Judgment accordingly.