WILSON SEWING MACHINE Co. *v.* MORENO and others.

*(Circuit Court, D. Oregon.   August 18, 1879.)*

1. STIPULATION FOR AN ATTORNEY FEE.

    A stipulation to pay a reasonable attorney fee to the plaintiff in case a promissory note or other contract is not performed according to its terms, and the party entitled to demand such performance is compelled to enforce it by aw, is just and valid.

Motion for Judgment.

*Cyrus Dolph,* for plaintiff.

*Thomas N. Strong,* for defendants.

DEADY, D. J.   On September 1, 1877, the defendant Moreno, with four others as his sureties, executed and delivered a bond to the plaintiff in the penal sum of $1,000, conditioned for the payment of all indebtedness on the part of Moreno to the plaintiff; and on November 23, 1877, said Moreno, with two others as his sureties, executed and delivered another bond of the like amount and condition to the plaintiff.   These actions are brought upon these two bonds to recover an amount alleged to be due from said Moreno for goods, wares,

and merchandise sold and delivered to him by the plaintiff; and it is agreed that the amount due the plaintiff on such account is on promissory notes $741.74, and upon an open account $629.70; in all, the sum of $1,371.44. Each bond contains a stipulation to the effect that in case suit is brought upon the same the obligors therein will pay, in addition to the penalty thereof, the sum of $100 "for attorney's fees." The plaintiff now moves for judgment upon the complaint for the amount admitted to be due, and for $100 in each action as an attorney's fee therein.

This latter part of the motion the defendant resists upon the ground that the provision in the bond for the payment of such fee, in addition to the penalty thereof, is void. It appears from the books that the question raised upon this motion is comparatively a new and vexed one. It has mostly arisen in actions upon promissory notes containing a stipulation for the payment of a fixed sum or percentage as an attorney fee to the plaintiff, in case an action is brought to collect the same. And the objection to the stipulation usually is that the amount which may be collected upon the note being thereby rendered uncertain, it is unnegotiable, and not valid as against an indorser, or that such stipulation makes it usurious, and therefore void in whole or in part. But in some few instances the courts have gone further, and held that such a stipulation is absolutely void as contrary to the policy of the law, and tending to the oppression of the debtor.

In *Bullock* v. *Taylor*, 7 Cent. L. J. 217, decided by the supreme court of Michigan in 1878, a stipulation in a note for the payment of a certain sum as an attorney fee over and above all taxable costs, in case the same was sued upon, was held void as opposed to the policy of the law upon the subject of attorney fees, and susceptible of being made the instrument of oppression.

In *Woods* v. *North*, 84 Pa. St. 409, it was held that a similar stipulation in a note rendered the instrument non-negotiable, and thereby relieved the indorser from liability thereon.

In *Witherspoon* v. *Musselman*, 8 Cent. L. J. 24, decided by the Kentucky court of appeals in 1878, according to the brief abstract in the Cent. L. J. *supra*, it was held that such a stipulation in a note was void because it tended to the oppression of the debtor and the encouragement of litigation.

On the contrary, in *Smith* v. *Silvers*, 32 Ind. 321, it was held that a stipulation "whereby the debtor agrees to be liable for *reasonable* attorneys' fees, in the event that his failure to pay the debt shall compel the creditor to resort to legal proceedings to collect his demand, is not only not usurious, but is so eminently just that there should be no hesitation in enforcing it."

In *Wyant* v. *Pottorf*, 37 Ind. 512, a stipulation in a note for a reasonable attorney fee was impliedly sustained, though it was held that there must be proof of what is a reasonable fee.

In *Nickerson* v. *Shelden*, 33 Ill. 372, it was held that a stipulation for an attorney fee did not affect the negotiability of the note, but the fee was not claimed in the action.

In *Clawson* v. *Munson*, 55 Ill. 394, a stipulation in a mortgage to secure a note for an attorney fee to be paid as part of the costs of collection was held valid—the court citing *Dunn* v. *Rogers*, 43 Ill. 260, in which a similar stipulation in a mortgage was enforced,—and upon the question of hardship said that the defendants had expressly provided in the mortgage for the consequences in default of payment, which they might have avoided "by paying the notes at maturity."

In *Gar* v. *Louisville Banking Co.* 11 Bush, 189, it was held that a stipulation in a note for an attorney fee was not usurious, but an agreement to pay a penalty in default of prompt payment of the notes, and valid.

In *Howenstein* v. *Barnes*, 9 Cent. L. J. 48, decided by the United States circuit court for the district of Kansas, in 1879, it was held that a stipulation for an attorney fee is valid; that it did not affect the negotiability of the paper.

The ruling that such a stipulation makes the amount payable upon the note uncertain, and it is therefore non-negotiable, is extremely technical and I think unsound. The prin-

cipal and interest is the sum due upon the note at maturity, and by the payment thereof it will be fully satisfied. And it is only in case of default in such payment and after the note is overdue, and has therefore lost its character of negotiability, that the penalty or attorney fee can be claimed or collected at all. In fact, the stipulation, although contained in the note, is, strictly and properly speaking, no part of it, but a distinct contract, collateral thereto, as much as if it was written on a separate piece of paper. The ruling that such stipulation makes the note usurious is founded upon the unauthorized assumption of fact that the sum agreed to be paid as an attorney fee in case the note is not paid at maturity is not what it purports to be, but illegal interest in the disguise thereof. Of course, where it appears that such is the real nature of the transaction it should be treated accordingly. But the fact cannot be assumed any more than that a like sum of the alleged principal is illegal interest in disguise.

Accordingly, the tendency of the decisions hostile to this stipulation is to leave these untenable grounds, and hold it void upon the ground that it is a convenient device for usury and tends to the oppression of the debtor. And it may be admitted that this suggestion is not without force, particularly in cases where the amount provided is largely in excess of what such collection could ordinarily be made for. But a court assumes to *make* the law rather than *declare* it, when it pronounces such a contract void; not because it is prohibited or intrinsically wrong, but because it may be used as a cover for usury, and a means of oppressing the debtor.

An agreement by a debtor to pay a reasonable attorney fee in case his creditor is compelled to incur the expense of an action to collect the debt, is only an agreement to so far re-imburse the creditor the loss which he may sustain by reason of the debtor's failure to perform his contract to pay his debt. In justice and fairness it stands on as high ground as the right to recover damages for the non-performance of any contract; as to deliver grain or goods at a certain time and place.

If A. loans B. $1,000 for the period of one year for the sum

of $100, and by reason of the failure of A. to perform his contract B. is put to the expense of paying an attorney $50 to collect the same by action, no reason can be given why A. should not make good this loss; and if so, why may he not agree to do so in advance? As it is, the law compels A. to repay the fees which B. is required to pay the officers of the court in the prosecution of his action, including a nominal attorney fee of not more than $20. Rev. St. §§ 824, 983.

The provision in section 824, *supra,* allowing the prevailing party to tax an attorney fee of from $5 to $20, is not in my judgment exclusive, but only applies in cases where the contract of the parties is silent on the subject. In such cases the law allows the fee prescribed and no more. But this does not prohibit the parties from contracting that a greater or less one shall be paid. A statute which simply provides that a plaintiff may recover interest on money overdue, at a certain rate, does not preclude parties from agreeing that a different rate may be recovered under like circumstances; and if the borrower and lender, in the absence of any statute to the contrary, may agree upon any rate of interest for the use or detention of the loan, it is not apparent why they may not agree upon the payment of an attorney fee in case the latter is required to collect the same by law.

But where the fee is so large as to suggest that it is a mere device to secure illegal interest or some unconscionable advantage, the court should be slow to enforce the payment of it, and ought probably, upon slight additional evidence to that effect, to refuse to allow it, or reduce it to a reasonable sum. Borrowers and lenders seldom deal on equal terms, and the necessities of the former often constrain them to accede to terms and conditions which are oppressive, in the vain hope that they will be able to meet their engagements promptly, and thereby avoid the payment of the charges and penalties stipulated for in case of failure. It would then be better if these stipulations were not made for a fixed sum or percentage, but rather for such sums as the court, under all the circumstances, might judge reasonable and right. In this way regard might be had to the nature and value of the

services actually rendered by the attorney. Where the judgment is obtained without opposition on the part of the debtor, as is often the case, the fee should be less than where it is obtained against such opposition. But after all the right of the parties, in the absence of any statute to the contrary, to contract for the payment of a reasonable attorney fee by the debtor, in case his creditor is put to the expense of collecting his debt by law, rests upon the same ground as the right to make any other contract not prohibited by law or *contra bonos mores.*

Assuming, then, what has not been questioned, and upon which I express no opinion, that $100 is no more than a reasonable fee in each of these cases, the stipulation is both just and valid, and therefore ought to be enforced. There must be judgment accordingly.