45  455
105  221

ALONZO VOSBURGH ET AL v. GEORGE T. LAY.

*Attorney fee on foreclosure of mortgage.*

An attorney fee paid under protest on redeeming from a statutory fore-closure may be recovered back.

Redemption from a statutory foreclosure cannot be conditioned on the payment of any allowances in the nature of fees beyond what are authorized by statute.

A stipulation in a mortgage fixing in advance a gross allowance for the attorney's fee in the event of foreclosure at law is against public policy and cannot be enforced.

Error to Allegan.    Submitted Jan. 18.    Decided Jan. 28.

ASSUMPSIT.    Plaintiffs bring error.    Reversed.

*Pope & Hart* for plaintiffs in error.

*Padgham & Padgham* for defendant in error.

GRAVES, J.    The plaintiffs were owners of the equity of redemption of certain premises on which the defendant fore-

closed a mortgage by proceedings under the statute. The mortgage provided that an attorney fee of $50 should be allowed in case of proceedings taken to foreclose.

The defendant bid in the premises and the attorney fee of $50 was included in the sum bid. The mortgage debt carried interest at ten per cent. The sheriff executed the deed, and indorsed the time when it would become operative, and on the last day of the time given for redeeming, the plaintiffs offered the defendant, for the purpose of effecting redemption, the full amount for which the premises were sold, together with the costs of sale and interest thereon at ten per cent. less the attorney fee of $50 and interest thereon. They also offered to pay $25 as an attorney fee by way of compromise, if the defendant would accept it and allow redemption. The defendant refused to accept less than the entire amount bid and interest thereon at ten per cent. The plaintiffs then informed defendant that they would pay the attorney fee to the register of deeds under protest, and then sue him, the said defendant, to recover it back. They accordingly deposited the attorney fee and interest on it in one package and the residue in another package with the register of deeds for the purpose of redeeming from the mortgage sale, and they accompanied such deposit with a written protest that the attorney fee and interest thereon were paid to effect redemption, and were claimed to be an illegal exaction. The defendant took the money from the register and received with it said protest. The plaintiffs thereupon brought this suit to recover back the amount of the attorney fee and interest, and the circuit judge after finding the facts entered judgment for defendant.

The case is governed by the principles laid down in *Myer v. Hart* 40 Mich. 517, and recognized in *Parks v. Allen* 42 Mich. 482. No court is vested with authority to draw a line and decide that the fee specified in one mortgage is proper and its payment compulsory, and that the fee contained in another is excessive and its payment voidable. Neither is there any criterion in law for apportioning the sum expressed to the service rendered, and if the payment of $50 can be

made imperative by expressing it in the mortgage as a fee for future service under the power of sale, however slight, it would follow that payment of $500 could also be made imperative on the some principle and in the same way.

As the law now stands it cannot be regarded as authorizing as a condition precedent to redemption any other exaction in the way of fees or compensation than such as the statute specifies, and stipulations in advance for gross allowances are not consistent with public policy. In respect to all proceedings of this nature, and which are exceptional and peculiar, all allowances which partake of the character of fees are dependent on legislation. *Booth v. McQueen* 1 Doug. (Mich.) 41.

The judgment must be reversed and one entered here in favor of plaintiffs for fifty-five dollars and costs of both courts.

The other Justices concurred.