(February 2, 1888.)

## BROADBENT v. BRUMBACK ET AL.
### [16 Pac. 555.]

PRACTICE.—An allegation in the complaint not denied in the answer is sufficient to sustain a finding that the facts stated therein are true.

PLEADING—FORECLOSURE OF MORTGAGE.—In an action to foreclose a mortgage it is not necessary to allege in the complaint notice to the mortgagor that the plaintiff has elected to consider the whole sum due for default in payment of installments or interest.

ATTORNEY'S FEE—REASONABLE ALLOWANCE.—A stipulation in a mortgage for allowance for an attorney's fee in case of foreclosure is valid, but should be enforced only for a reasonable amount. In determining what amount is reasonable the court should allow no more than is actually received or contracted for by the attorney for his services.

FINDINGS OF COURT—CONCLUSIVE.—The findings of the court should be responsive to the allegations in the pleading and a finding upon such allegation is conclusive as to each item of evidence offered to sustain it.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

John M. Lamb, for Appellants.

When the principal sum may become due, upon a failure to pay interest at the option of the mortgagee, the mortgagee should have exercised his option, and given notice of it before the commencement of the suit to foreclose. (*Basse v. Gallegger,* 7 Wis. 442, 76 Am. Dec. 225; *Marine Bank v. International Bank,* 9 Wis. 57; *Rosseel v. Jarvis,* 15 Wis. 571; *Jesup v. Bank,* 14 Wis. 331.) Stipulations for attorneys' fees are against public policy and void. (*Bullock v. Taylor,* 39 Mich. 137, 33 Am. Rep. 356; *Van Marter v. McMillan,* 39 Mich. 304; *Myer v. Hart,* 40 Mich. 517, 29 Am. Rep. 553; *Vosburgh v. Lay,* 45 Mich. 455, 8 N. W. 91; *Botsford v. Botsford,* 49 Mich. 29, 12 N. W. 897.) A stipulation in a mortgage allowing counsel fees for a foreclosure does not entitle the plaintiff to counsel fees unless he has paid them or become liable for them. (*Reed v. Catlin,* 49 Wis. 686, 6 N. W. 326; *Bank v. Treadwell,* 5 Cal. 379.) He cannot recover such fees for personally prosecuting his foreclosure. (*Patterson v. Donner,* 48 Cal. 369; *Reed v. Catlin,* 49 Wis. 686, 6 N. W. 326.) The amount fixed on the note or mortgage is a mere limitation. It is in the nature of a penalty and fixes merely the amount beyond which the court will not go. (*Carriere v. Minturn,* 5 Cal. 435.) A general finding that all the allegations of the complaint are true is not a compliance with the law. (*Johnson v. Squires,* 53 Cal. 37; *Bank v. Treadwell,* 55 Cal. 380; *Breeze v. Doyle,* 19 Cal. 102; *Ladd v. Tully,* 51 Cal. 277; *Hardenburg v. Hardenburg,* 54 Cal. 591.)

Wood & Wilson and Richard Z. Johnson, for Respondent.

A promise to pay for services may only be implied by the courts when they were rendered under such circumstances as authorized the party performing to entertain a reasonable expectation of payment by the party soliciting performance. (*Davidson v. Gaslight Co.,* 99 N. Y. 559, 566, 567, 2 N. E. 892; *Pew v. Bank,* 130 Mass. 391, 395; *Sawyer v. Bank,* 6 Allen, 209; *Crane v. Baudouine,* 55 N. Y. 256, 260; *Potter v. Carpenter,* 76 N. Y. 157, 159.) Appellant could not set up as a counterclaim a demand against respondent and another jointly. (*Howard v. Shores,* 20 Cal. 281; *King v. Wise,* 43 Cal. 635; Waterman on Setoff, secs. 200, 383.) The right of the parties, in the absence of any statute to the contrary, to contract for the payment of a reasonable attorney's fee by the debtor, in case his creditor is put to the expense of collecting his debt by law, rests upon the same ground as the right to make any other contract not prohibited by law, or *contra bonos mores.* (*Wilson Sewing-machine Co. v. Moreno,* 6 Saw. 25, 40, 7 Fed. 806, Fed. Cas. No. 17,853a, and cases cited; *Bank v. Ellis,* 6 Saw. 97, 100, 2 Fed. 44, Fed. Cas. No. 859.) When a promissory note, payable at a future time, provides for the payment of interest at certain times, and contains a clause that, if default be made in the payment of the interest at such time, then the note shall immediately become due, at the option of the holder, a failure to pay the interest makes the whole amount of the note due absolutely, at the option of the holder, if he so elect, without any notice from the holder to the payors. In such case the holder has no duty to perform to the payor, and the latter has no excuse to delay payment. (*Whitcher v. Webb,* 44 Cal. 127, 130.) Any decisive act of the party, with knowledge of his rights and of the facts, determines his election, in the case of conflicting and inconsistent remedies. (*Washburn v. Insurance Co.,* 114 Mass 176; *Connihan v. Thompson,* 111 Mass. 272.)

BUCK, J.—This was an action to foreclose a mortgage tried at the April term, 1887, in Ada county, and brought into this court on an appeal from the judgment.

The appellants assign thirteen errors, but group them in their brief, and rely upon five, to wit: 1. Error in overruling a general demurrer to the complaint; 2. Error in overruling a special demurrer to complaint; 3. Error in finding the note and mortgage sued on were valid; 4. Error in not finding upon all the material issues raised by the findings; 5. Error in the findings of fact, in that they are not supported by the evidence, and are too general.

The first error assigned, to wit, error in overruling defendants' general demurrer to the complaint, is based upon two propositions: 1. That the complaint contains no allegation of the failure of the defendant to pay the interest due on the mortgage, or any installment thereof, or that the mortgagee had elected to consider the whole sum due; 2. That the complaint contained no allegation that the mortgagee had given notice to the mortgagor that he elected to consider the whole amount secured by the mortgage due. That portion of the complaint alleging a breach in the conditions of the mortgage is as follows: "That eight thousand dollars, the principal sum mentioned in said promissory note and mortgage, together with interest thereon at the rate of one and one-fourth per cent per month from said eleventh day of March, 1885, still remains unpaid, in whole and in part, from said defendants to this plaintiff, and the same is now due and payable." The condition in the mortgage is in the following words: "But in case default be made in the payment of the said principal or interest, or any installment of interest, as provided, then the whole sum of principal and interest shall be due, at the option of the said party of the second part, and suit may be immediately brought, and a decree be had to sell said premises," etc. While the statement of the breach in the complaint is not so exact and clear as the highest art in pleading might prescribe, yet its fault, if any, seems to be that it is not sufficiently definite. This defect does not, however, go to the substance of the pleading, and is not sufficient to sustain a general demurrer.

The second proposition of the appellants that the mortgagee cannot commence his action to foreclose until he has given the mortgagor notice that he has exercised the option specified

in the conditions of the mortgage, and that he had elected to consider the entire sum secured by the mortgage due, and that the complaint must allege such notice, is elaborately considered in the briefs. It seems clear that in Wisconsin it is a rule of practice established by repeated adjudications that the complaint must allege that the mortgagee has elected to consider the whole amount due, and that he has notified the mortgagor of such election. (*Basse v. Gallegger*, 7 Wis. 442, 76 Am. Dec. 225; *Marine Bank v. International Bank*, 9 Wis. 57; *Rosseel v. Jarvis*, 15 Wis. 571.) We are unable to find that this rule of practice extends beyond the state of Wisconsin. "In *Whitcher v. Webb*, 44 Cal. 130, it is held that the mortgagor was not entitled to notice, in advance of commencing the action; that if he failed to pay the interest, that the mortgagee would insist upon his right to the whole debt. He was bound to know that that consequence would follow." In *Dean v. Applegarth*, 65 Cal. 391, 4 Pac. 375, the same doctrine is enunciated. In *Hunt v. Keech*, 3 Abb. Pr. 204, the court holds that the commencement of the suit to foreclose is a sufficient notice of the determination that the mortgagee intends to treat the whole sum as due *Noyes v. Clark*, 32 Am. Dec. 623, note, and *Cardiff v. Brokow*, 7 Ill. App. 647, are to the same effect. In *Trust Co. v. Munson*, 60 Ill. 371, the court says, where like provisions were in a deed of trust: "The deed of trust did not require any notice to be given to the debtor himself of the exercise of the option to make the whole indebtedness due. The maker of the deed knew that such a contingency was liable to occur at any time during a default of payment. If he wished personal notice of it to himself to be a condition precedent to the exercise of the power of sale, he should have so provided in his deed. To add to the power such a condition by implication might wrongfully disappoint the expectations of the creditor. To require a personal notice to the debtor, who, at the time, might be in distant or unknown parts, might create a very inconvenient delay in the collection of a claim evidently intended by the party to be speedy, and the creditor might well have refused a security trammeled by such a condition." These observations commend themselves to the court as being reasonable and equitable. In the case at bar the pro-

vision is that the principal and interest shall be due at the option of the mortgagee, and suit may be immediately brought. We think, upon principle and upon authority, notice to the mortgagor of the election of the mortgagee to consider the whole sum due is not a condition precedent to the commencing of the action to foreclose, and that it is not necessary to allege such notice in the complaint.

The second alleged error in appellants' brief is the ruling of the court in overruling the special demurrer of the defendants, that the complaint does not state sufficient facts to entitle the plaintiff to attorney's fees. The allegation in the complaint referring to attorney's fees is as follows: "That ten per cent upon the amount found due upon said note and mortgage, as provided for in said mortgage, is no more than a reasonable counsel fee in this action for the foreclosure of said mortgage." The provision of the mortgage is that, out of the money arising from the sale and foreclosure, counsel fees, at the rate of ten per cent upon the amount which may be found due for principal and interest, may be retained by the mortgagee. The language of the special demurrer is "that facts sufficient to entitle plaintiff to an attorney fee are not stated." The finding of fact upon this item was "that ten per cent upon the amount due upon said note and mortgage, as stipulated and provided for in said mortgage, is a reasonable counsel fee for the foreclosure of said mortgage." The appellants claim in their brief that no evidence was introduced upon the value of counsel fees, and that under the pleadings and evidence the plaintiff is not entitled to attorney's fees. The complaint distinctly alleges that said attorney's fee is no more than is reasonable. The answer responds to this allegation with a denial "that, at the time of the commencement of this action, the plaintiff had either paid or become liable for any attorney's fees whatever in this action." There is no denial of the value of the attorney fee, alleged in the complaint, and its value is therefore admitted as alleged. This admission is sufficient to sustain the finding of the court.

We recognize the correctness of the interpretation of the stipulation for attorney's fees usual in mortgages as given by Judge Deady in *Burns v. Scoggin,* 16 Fed. 737, quoted by appellants: "That the true intent and purpose of the provision

for such fee is the holding the plaintiff harmless from cost and expense of a suit to foreclose." In *Sewing-machine Co. v. Moreno,* 6 Saw. 35, 7 Fed. 806, the court says: "When the fee is so large as to suggest that it is a mere device to secure illegal interest, or some unconscionable advantage, the court should be slow to enforce the payment of it, and ought probably, on slight additional evidence to that effect, to refuse to allow it, or reduce it to a reasonable sum. It would be better if these stipulations were not made for a fixed sum or percentage. In this way regard might be had to the nature and value of the services actually rendered by the attorney." In *Griswold v. Taylor,* 8 Minn. 342 (Gill. 301), the court quotes from *Tallman v. Truesdall,* 3 Wis. 443, with approval, to wit: "In regard to the stipulation for solicitor's fees in case of foreclosure, whenever it is resorted to as a cover for a greater rate of interest than is allowed by law, it then violates the contract; but when stipulated in good faith, as an indemnity for the necessary expenses of foreclosure, and is reasonable in amount, we see no objection to its incorporation in the contract, or its enforcement."

These decisions sufficiently indicate the correct principle upon which stipulations for attorneys' fees should be sustained and enforced. Equity dictates that attorneys' fees in actions to foreclose a mortgage should be reasonable, and that the amount allowed the plaintiff therefor should be limited to the amount actually paid for the services rendered. The practice of charging, as attorneys' fees, ten or fifteen per cent against the mortgagor, when a much smaller amount is actually paid to the attorney by the plaintiff, thus wrongfully increasing the burden of the debtor who seeks to redeem, is discreditable to the profession and contrary to every principle of equity. The courts should not sustain such a fraudulent and iniquitous practice. In such suits no fee should be allowed as reasonable which is to be divided with the plaintiff to increase the amount over that stipulated for in the mortgage.

In the case at bar the defendants, having appeared, admit that the amount stipulated for is reasonable, and on this appeal seek to avoid the same, not because it is unreasonable, but because stipulations therefor are contrary to public policy, and void. In considering this question, a clear distinction

must be made between such a stipulation in a promissory note and a like agreement in a mortgage. While it is apparent that an adjudication sustaining such an agreement in a note would be authority for sustaining a like stipulation in a mortgage, it does not follow that adjudications sustaining an agreement for attorney's fees in a mortgage would sustain a like agreement in a promissory note. We now consider agreements of that character in mortgages, the question involved in the suit at bar. The decisions which sustain such agreements, as far as we have been able to find and classify them, are: *State v. Taylor,* 10 Ohio, 378; *Shelton v. Gill,* 11 Ohio, 417; *Spalding v. Bank,* 12 Ohio, 544; *Martin v. Bank,* 13 Ohio, 250; *Thomasson v. Townsend,* 10 Bush, 114; *Van Marter v. Mc-Millan,* 39 Mich. 305; *Myer v. Hart,* 40 Mich. 517, 29 Am. Rep. 553; *Vosburgh v. Lay,* 45 Mich. 455, 8 N. W. 91. These decisions establish the doctrine that in Kentucky, Ohio, and Michigan such stipulations are void as against public policy. Opposed to these adjudications, and holding such stipulations valid either in a note or mortgage, are: *Cox v. Smith,* 1 Nev. 133; *Sperry v. Horr,* 32 Iowa, 184; *Wood v. North,* 84 Pa. St. 410; *Johnston v. Speer,* 92 Pa. St. 227, 37 Am. Rep. 675: *First Nat. Bank v. Gay,* 63 Mo. 33, 21 Am. Rep. 430; 71 Mo. 627; *Jones v. Radatz,* 27 Minn. 240, 6 N. W. 800; *Griswold v. Taylor,* 7 Minn. 342 (Gill. 301) ; *Morgan v. Edwards,* 53 Wis. 599, 40 Am. Rep. 781, 11 N. W. 21; *Dietrick v. Bayhi,* 23 La. Ann. 767; *Seaton v. Scoville,* 18 Kan. 435, 26 Am. Rep. 779; *Bank v. Rasmussen,* 1 Dak. 60, 46 N. W. 574; *Howestein v. Barnes,* 5 Dill. 482, Fed. Cas. No. 6786; *Wilson etc. Machine Co. v. Moreno,* 7 Fed. 806, 6 Saw. 35, Fed. Cas. No. 17,853a; *Weatherly v. Smith,* 30 Iowa, 131, 6 Am. Rep. 663; *Clawson v. Munson,* 55 Ill. 394; 1 Jones on Mortgages, secs. 359, 635; 1 Daniel on Negotiable Instruments, sec. 62, and note. The weight of authority is clearly in favor of sustaining a stipulation in mortgages for an attorney fee.

The appellants make the point also in their brief that a stipulation in a mortgage allowing counsel fees for a foreclosure does not entitle the plaintiff to attorneys' fees, unless he has paid them, or become liable for them, and that the complaint contains no such allegation. We have already intimated that attorneys' fees allowed in a foreclosure should be

reasonable, and that no such fee is reasonable unless the attorney receive it, and have the full benefit of it; and we think it to be the duty of a court granting a decree of foreclosure, whenever the fee is contested, and in all cases of default, to limit the amount of such fee to that actually paid, or to be paid, and in all cases to allow no more than is reasonable. It is therefore necessary to allege in the complaint that such fee is to be paid to the attorney, and that it is a reasonable one. If the fee is to be reasonable, its amount will depend upon the nature of the case, and the labor required in its prosecution. If we adopt a rule of practice that the amount of the fee must be alleged, we necessarily hold that the amount of such fee must be determined arbitrarily, before the action is commenced. It is often difficult, and sometimes impossible, to determine the value of a service before it is performed. This is especially the case in actions which may continue for years, and be finally determined only in the supreme court of the United States.

It may be observed that the theory upon which stipulations in mortgages are sustained is that they provide for expenses incurred by the plaintiff in foreclosure for the services of an attorney. If there is no attorney, such expense is not incurred. If there is an attorney, the plaintiff's expense is limited to the amount paid therefor, provided it is reasonable. If this is correct, it follows that the fact of payment or assumed liability is simply one element in the proof which is offered to establish the reasonableness of the allowance for the fee sought to be recovered. It is evidence offered to establish a substantive fact, and as such need not be set out in the pleadings. In this case it is admitted that the fee charged is reasonable, and we think this admission sustains the finding of the court; as under our code, section 4217, it is expressly provided "that every material allegation of the complaint, not controverted by the answer, must, for the purposes of the action, be taken as true."

The appellants claim also that the attorney fee is but usury in disguise, and ought not to be allowed. In *Lloyd v. Scott*, 4 Pet. 225, Justice McLean says: "Where a party agrees to pay a specified sum, exceeding lawful interest, provided he do not pay the principal by a day certain, it is not usury." This doctrine is adopted in *Cutler v. How*, 8 Mass. 257; *Tuttle v. Clark,*

4 Conn. 153; *Pollard v. Baylors,* 6 Munf. 433; *Jones v. Hubbard,* 6 Cal. 211; *Gower v. Carter,* 3 Iowa, 244, 66 Am. Dec. 71; *Shuck v. Wight,* 1 G. Greene, 128; *Fisher v. Anderson,* 25 Iowa, 28; 95 Am. Dec. 761; *Rogers v. Sample,* 33 Miss. 360, 69 Am. Dec. 351; *Gambril v. Doe,* 8 Blackf. 140, 44 Am. Dec. 760; *Billingsley v. Dean,* 11 Ind. 331; *Lawrence v. Cowles,* 13 Ill. 577; *Sumner v. People,* 29 N. Y. 337; *Bank v. Curtiss,* 19 Johns. 326; Tyler on Usury, 210.

The appellants urge that the court erred in not finding upon all the material issues made by the pleadings. In the answer of the defendants they set up, by way of counterclaim, in separate allegations, two items of account—one for money laid out and expended for plaintiff's use and benefit in the sum of forty-four dollars; and the other for professional services rendered for plaintiff between the fifteenth day of December, 1882, and the first day of August, 1885, in the sum of $7,360. There are two findings of fact responsive to these allegations, to wit: 1. That the defendants had not expended the sum of forty-four dollars, or any other sum; and 2. That the defendants had performed professional services between the dates named for plaintiff, but that they had been wholly paid for the same.

The appellants claim that there is no finding as to the value of services rendered for plaintiff in procuring the right of way for the Boise branch of the Oregon Short Line Railroad, or that said services were performed at plaintiff's request, or paid for by plaintiff. These items come into the case upon the testimony of witnesses, and not by allegation in the pleadings. They are a part of the evidence, under the general allegation of service, and the finding upon the general allegation is conclusive as to each item of evidence offered to sustain it.

It is claimed also by appellants that the ninth finding of fact is too general. It is as follows: "That all the allegations in the plaintiff's complaint are true." While a general finding of this kind is very unsatisfactory, and justly criticised as being too indefinite, yet it is sustained by repeated adjudications in California; and, under the evidence submitted in the transcript, we are of opinion that it should not be disturbed.

The last point in appellant's brief is that the findings are not supported by the evidence. A careful examination of the evidence establishes certain facts, to wit: It appears from defend-

ants' evidence that the services for which they claim a setoff were performed prior to July 1, 1884; that on July 11, 1884, they receipted to the plaintiff for $125, in full of all accounts to date; that the receipt was in the handwriting of the defendant, Jeremiah Brumback. In the evidence of said defendant, on page 89 of the Transcript, he says: "I do not recollect; but, if I gave a receipt in full, that would be a settlement of what the receipt covers." And on page 90 he says: "If I gave a receipt in full, I presume it would cover just what the receipt covers—whatever the language covers." While a receipt may be disputed, and a mistake, if one exists, be corrected in the case at bar, this evidence seems to be corroborated by the defendant's testimony, and supports the findings in the case.

We find no error, and the judgment of the court below is affirmed.

Hays, C. J., and Broderick, J., concurring.